

**ZACHARY W. CARTER**
*Corporation Counsel*

The City of New York
# Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**SHIRLEY W. BI**
*Assistant Corporation Counsel*
Labor & Employment Law Division
Phone: (212) 356-2464
Fax: (212) 356-2439
Email: sbi@law.nyc.gov

July 2, 2018

**By ECF**

Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Thomas v. New York City Dep't of Educ., et al.*,
> 18 Civ. 2259 (WFK)(RML)
> Our No. 2018-029029

Dear Judge Kuntz:

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. Defendants respectfully request a pre-motion conference in advance of their anticipated motion to dismiss the complaint, dated January 2, 2018 ("Complaint" or "Compl."), for failure to state a claim, pursuant to Rule 12(b)(6).

## A.    Background

Plaintiff, a 72-year-old guidance counselor currently employed by the New York City Department of Education ("DOE")[1], alleges age discrimination and hostile work environment under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"); the New York State Human Rights Law, Exec. L. §§ 290, *et seq.* ("SHRL"); and the New York City Human Rights Law, Admin. Code, §§ 8-101, *et seq.* ("CHRL"). Specifically, plaintiff alleges that the DOE: (i) denied her per session work opportunities in the 2014-15 school year, Compl., ¶¶ 13-14; (ii) failed to issue plaintiff keys to her office and school bathrooms during the 2015-17 school years, Compl., ¶¶ 15-41; (iii) issued a letter to plaintiff's file due to professional misconduct, Compl., ¶¶ 43-44; (iv) assigned plaintiff extra duties, Compl., ¶ 44; and (v) "excessed"[2] her from I.S. 229 on June 16, 2017, in violation of the collective bargaining agreement between plaintiff's union and the DOE ("CBA"), Comp., ¶ 45.

## B.    Statute of Limitations and Other Conditions Precedent.

Federal discrimination claims based on events occurring more than 300 days prior to the filing of EEOC charges are untimely. *See* 29 U.S.C. § 626(e); *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010). Thus, plaintiff's ADEA claims are, at least

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

[2] *John v. New York City Dep't of Educ.*, 04 Civ. 5861 (NRB), 2006 U.S. Dist. LEXIS 61153, n.2 (S.D.N.Y. Aug. 28, 2006) (defining "excessing"), *aff'd* 313 Fed. App'x 404 (2d Cir. 2009).

*Thomas v. New York City Dep't of Educ., et al.*,
18 Civ. 2259 (WFK)(RML)
July 2, 2018
Page 2

partially, barred to the extent that they are based on events occurring before February 16, 2017, that is, more than 300 days before plaintiff filed her EEOC charge on December 13, 2017. *See* Compl., ¶¶ 13-42. Accordingly, those untimely ADEA claims must be dismissed.

Plaintiff's SHRL and CHRL claims are barred by her failure to file a timely Notice of Claim.[3] The New York Stat Education Law requires that a plaintiff file a Notice of Claim within three months of the accrual of such claims, as well as commencing the action within one year of accrual. *See* N.Y. Educ. L. §§ 3812(2-b), 3813(1).

**C.    Plaintiff Fails to Establish a Prima Facie Case of Age Discrimination**

To state a cause of action for age discrimination under the ADEA and SHRL, plaintiff must allege: (1) that she was within the protected age group (more than 40 years old); (2) that she was qualified for her position; (3) that she experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93,107 (2d Cir. 2010). "[T]he NYCHRL does not require materially adverse employment actions or severe and pervasive conduct, but instead focuses on unequal treatment . . . regardless of whether the conduct is tangible." *Boonmalert v. City of N.Y.*, 721 Fed. App'x 29, 32 (2d Cir. 2018) (citations omitted).

The Complaint lacks allegations of any adverse employment action, and otherwise fails to link the alleged "excessing" to her age. *Saunders v. NYC Dep't of Educ.*, 7 Civ. 2725 (SJF)(LB), 2010 U.S. Dist. LEXIS 71500, *83 (E.D.N.Y. July 15, 2010). Being assigned extra duties is not an adverse employment action. *Sotomayor v. City of N.Y.*, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012), *aff'd* 713 F.3d 163 (2d Cir. 2013). Even assuming, *arguendo*, that plaintiff suffered an adverse employment action, she still fails to plead that the action taken gives rise to an inference of age discrimination. Plaintiff simply concludes that she was "excessed" instead of a "less senior social worker," which is insufficient to satisfy the pleading requirements for an ADEA claim. *See* Compl., ¶ 49; *Saunders*, 2010 U.S. Dist. LEIS 71500, at *84-85 (dismissing plaintiff's ADEA discrimination claim despite the allegation that "her regular teaching position, from which she had been 'excessed,' was reassigned during the same school year to a younger teacher, under the age of forty (40) years"). Finally, the Complaint attempts to impute causation by citing two identical hearsay comments from her union representatives, which are speculative, inadmissible, and insufficient to satisfy the causation element. *See* Compl., ¶¶ 43, 52. Indeed, plaintiff concedes in the Complaint that I.S. 229 was reducing in size and staff. *Id.* at ¶ 46. DOE's decision to "excess" plaintiff due to financial reasons could not serve as a basis for age discrimination claims absent any causal connection to a protected characteristic. *Williams v. City of New York*, 12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837 at *33 (S.D.N.Y. March 26, 2014), *aff'd*, 602 Fed. App'x 28 (2d Cir.

---

[3] On April 18, 2018, plaintiff commenced an Article 78 proceeding in the Supreme Court of the State of New York (the "State Court"), seeking leave to file a late Notice of Claim. *See Thomas v. City of New York, et al.*, Index No. 507887/2018 (Sup. Ct. Kings Co., Levin, J.). The matter is currently pending before State Court with a return date of October 19, 2018. To date, no Notice of Claim has been filed with the City's Comptroller's Office. However, even if the State Court were to grant plaintiff's petition seeking leave to file a late Notice of Claim, plaintiff's SHRL and CHRL claims based on events occurring prior to April 18, 2017 must be dismissed as time-barred. *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 311-13 (E.D.N.Y. 2014); Compl., ¶¶ 13-43.

HONORABLE WILLIAM F. KUNTZ, II
United States District Judge
*Thomas v. New York City Dep't of Educ., et al.,*
18 Civ. 2259 (WFK)(RML)
July 2, 2018
Page 3

2015) (dismissing age discrimination claim, as plaintiff contended that DOE fired her for financial considerations related to her seniority).

**D.      The Hostile Work Environment Claim Fails.**

        To plead a hostile work environment claim, plaintiff must allege that the workplace is permeated with "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (citation omitted). The misconduct must be objectively severe enough to create a hostile environment, and the plaintiff must have subjectively perceived the environment to be hostile. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 321 (2d Cir. 2015). Plaintiff must also allege that the conduct creating the hostile environment occurred because of her protected status. *Id.* at 320. "While under the NYCHRL, the alleged hostile conduct need not be severe or pervasive, [plaintiff] must still allege that h[er] age was the motivating factor behind any workplace hostility, and [s]he does not sufficiently do so to survive a motion to dismiss." *Boonmalert*, 721 Fed. App'x at 34 (citations omitted).

        This Complaint consists of only conclusory allegations. Plaintiff fails to plead that the letter to her file is at all motivated by animus against her age, rather than the admitted professional misconduct. Compl., ¶ 42. Plaintiff relies only on the alleged hearsay remarks. Compl., ¶¶ 43, 52. Finally, allegations of discrete unlawful acts outside the limitations period cannot serve as the basis for a hostile work environment. *Diaz v. City Univ. of N.Y.*, 13 Civ. 2038 (PAC), 2014 U.S. Dist. LEXIS 184757, *34 (S.D.N.Y. Nov. 10, 2014).

**E.      Defendants Seek A Stay of This Action and of Discovery**

        In the event that defendants' motion to dismiss is denied, a stay of the instant action pending outcome of the State Court Article 78 proceeding is warranted. That is, whether the State Court accepts plaintiff-petitioner's late Notice of Claim will greatly affect defendants' defenses with respect to the SHRL and CHRL claims, as well as the course of discovery. *Rattner v. Bd. of Trustees*, 611 F. Supp. 648, 653-54 (S.D.N.Y. 1986).

        Defendants submit that the foregoing demonstrates that their motion to dismiss is based on "substantial grounds," which is good cause to justify a stay of discovery. *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

        Accordingly, defendants respectfully request a pre-motion conference to seek leave to dismiss the Complaint in its entirety, to stay the proceeding in the alternative, to stay discovery, and to adjourn the Initial Conference scheduled on July 25, 2018.

                                                Respectfully submitted,

                                                _____
                                                        */S/*
                                                Shirley W. Bi
                                                Assistant Corporation Counsel

cc:      **GLASS KRAKOWER LLP** (via ECF)