**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

E-mail: jh@glasskrakower.com

*Jordan F. Harlow*
   Senior Counsel

July 6, 2018

*Via ECF*
Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Thomas v. New York City Dep't of Educ., et al.
      18 Civ. 2259 (WFK)(RML)
      Response to Defendant's Request for Leave
      to Move to Dismiss the Complaint

Dear Judge Kuntz:

  I am Senior Counsel in the office of Glass Krakower LLP, attorney for the Plaintiff, Josephine Thomas, in the above-referenced action. I write in opposition to Defendants' letter, dated July 2, 2018, requesting leave to file a motion to dismiss in this matter ("Letter"). Defendants' application is entirely premature at this juncture as Plaintiff states more than plausible claims to proceed in this action. Plaintiff does not believe there is a good faith basis for Defendants' proposed motion to dismiss at this early stage based on a review of Defendants' Letter.

  **A. FACTS**

  Plaintiff, who is 72 years old, has worked for the New York City Department of Education ("DOE") since 1998. *See* Complaint, dated April 17, 2018 ("Complaint"), ¶ 7, 11. Beginning in 1999, Plaintiff became a school counselor. *Id.* ¶ 8. In September 2001, Plaintiff began working at I.S. 299. *Id.* ¶ 9. Defendant Ezra Matthias became principal of I.S. 299 in or around 2002. *Id.* ¶ 10.

  Beginning four years ago, during the 2014-15 school year, and continuing up through the 2016-17 school year, Plaintiff experienced differential treatment by her administration due to her age, resulting in a hostile work environment. Specifically, Defendants denied Plaintiff the

1

opportunity to earn per session income, for which she was fully qualified, during the 2014-15, 2015-16, and 2016-17 school years, when younger, less qualified teachers were granted the per session positions. *Id.* ¶¶ 13-14. During the 2015-16 and 2016-17 school years, Defendants refused to provide Plaintiff with keys to the school's faculty bathroom and to Plaintiff's office, causing Plaintiff significant hardship as well as safety concerns, whereas younger teachers were given such keys. *Id.* ¶¶15-30. During the 2015-16 and 2016-17 school years, Defendants denied Plaintiff the same equipment and supplies, including a functional computer, functional printer, smart boards, and office maintenance. *Id.* ¶¶ 31-41. Finally, Defendants engaged in numerous other acts that created a hostile work environment for Plaintiff while she was at I.S. 299, such as issuing her unwarranted disciplinary letters to file, requiring Plaintiff to engage in administrative duties in violation of her collectively-bargained and contractually guaranteed rights, and improperly excessing Plaintiff from I.S. 299. *Id.* ¶¶ 42, 44-53. Defendant Matthias also expressed at various times that he did not want Plaintiff at his school, that Plaintiff was "too old for the job" and that he did not "want an old guidance counselor at the school." *Id.* ¶¶ 43, 52.

Plaintiff commenced this action on April 17, 2018, alleging age discrimination and hostile work environment under the Age Discrimination in Employment Act, 29 U.S.C.

### B.  ARGUMENT

As an initial matter, it is important to note that this Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F3d 687, 691 (2d Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 [1957]). Additionally, the Second Circuit exercises care to avoid hastily dismissing complaints of civil rights violations. *Gregory*, 243 F3d at 691 (internal citations omitted). For these reasons and those that will be set forth, it is Plaintiff's position that Defendants' should not be given leave to file a motion to dismiss.

#### 1.  Plaintiff's Claims are Timely and Not Barred

In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is 300 days. *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 13, 2017. *Id.* ¶ 54. Defendants' most recent discriminatory act occurred on June 16, 2017, when Plaintiff was excessed. *Id.* ¶ 45. Thus, Plaintiff's ADEA claims are timely.

Regarding Plaintiff's SHRL and CHRL claims, on April 18, 2018, Plaintiff filed a special proceeding with the New York State Supreme Court (Index No. 507887/2018) commenced pursuant to Section 3813(2-a) of the New York Education Law and Section 50-e(5) of the General Municipal Law for leave to file a late notice of claim against Defendants. Thus, as this action has yet to be decided, it is entirely premature to dismiss any of Plaintiff's state law claims.

### 2. Plaintiff has viable claims for age discrimination

In her complaint, Plaintiff alleges that she was denied per session income opportunities due to her age. Thus, Plaintiff has alleged an adverse employment action. As Plaintiff has plead throughout her complaint, the denial of these per session income opportunities, as well as the other adverse acts committed by Defendants, were due to Plaintiff's age. Thus, Plaintiff has established a prima face case of age discrimination.

### 3. Plaintiff has viable claims for hostile work environment

The standards for evaluating hostile work environment claims are identical under Title VII, the ADEA, and the NYSHRL. *See Lebowitz v NY City Dept. of Educ.*, 2017 US Dist LEXIS 50950, at *42 (EDNY Mar. 31, 2017, No. 15-cv-2890). To plead a hostile work environment claim under the ADEA and SHRL, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.*, at 42-43. (citation omitted). Additionally, a plaintiff must allege that the conduct occurred because of her protected status. Here, Plaintiff has sufficiently plead that she suffered a hostile work environment due to her age. Contrary to Defendants' position that Plaintiff has only alleged conclusory allegations, Plaintiff has identified specific comments made to others depicting Defendant Matthias' animus towards Plaintiff's age, and has identified numerous ways in which she was treated different than younger, similarly-situated teachers. These acts were not discrete, but part of a continuing pattern of discriminatory treatment of Plaintiff by Defendants, all occurring while Plaintiff worked under Defendant Matthias at I.S. 299. The continuing-violation exception "extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of discrimination] even if those acts, standing alone, would have been barred by the statute of limitations." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997).

Similarly, Plaintiff has sufficiently plead a hostile work environment under the CHRL.

### 4. A stay of this action and discovery is not warranted

As stated in this letter, it is Plaintiff's position that any motion to dismiss filed by Defendants will not be based on substantial grounds. Plaintiff has plainly plead claims of hostile work environment and age discrimination. Any stay in discovery would unduly prejudice Plaintiff.

Accordingly, Plaintiff respectfully requests that Your Honor deny Defendants' request for leave to dismiss the complaint, to stay the proceeding, and to stay discovery.

Respectfully submitted,

/s: *Jordan Harlow*
JORDAN HARLOW