18 Civ. 2259 (WFK)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPHINE THOMAS,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION and
EZRA MATTHIAS, PRINCIPAL of I.S. 229 ROLAND
PATTERSON,

Defendants .

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-109(a)
New York, New York 10007-2601

*Of Counsel*: Shirley W. Bi
*Tel.*:  (212) 356-2464
sbi@law.nyc.gov

Matter No.: 2018-029029

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................... 3

ARGUMENT ................................................................................................... 9

      POINT I ....................................................................................................... 9

            THE COMPLAINT IS PARTIALLY BARRED BY
            THE APPLICABLE STATUTES OF
            LIMITATIONS .......................................................................... 9

      POINT II ................................................................................................... 10

            PLAINTIFF'S SHRL AND CHRL CLAIMS
            MUST BE DISMISSED FOR A FAILURE TO
            SATISFY THE NEW YORK NOTICE OF CLAIM
            REQUIREMENT ...................................................................... 10

      POINT III .................................................................................................. 12

            PLAINTIFF FAILS TO STATE A PLAUSIBLE
            DISCRIMINATION CLAIM. ................................................. 12

            A.   The Motion to Dismiss Standard ...................................... 12

            B.   Plaintiff's Age Discrimination Claim Fails ..................... 13

      POINT IV .................................................................................................. 19

            PLAINTIFF'S HOSTILE WORK
            ENVIRONMENT CLAIM FAILS. ........................................ 19

CONCLUSION ............................................................................................... 24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abdul-Hakeem v. Parkinson,
    523 Fed. App'x 19 (2d Cir. 2013)..........................................................................18

Alfano v. Costello,
    294 F.3d 364 (2d Cir. 2002)...................................................................................20

Alfano v. Costello,
    294 F.3d 365 (2d Cir. 2002)...................................................................................22

Amorosi v. S. Colonie Ind. Ctr. Sch. Dist.,
    9 N.Y.3d 367 (2007) ............................................................................................12

Amtrak v. Morgan,
    536 U.S. 101 (2002)............................................................................................9, 22

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)....................................................................................12, 13, 18

Basso v. EarthLink, Inc.,
    157 A.D.3d 428 (1st Dep't 2018) ..........................................................................22

Bell Atl. Corp v. Twombly,
    550 U.S. 544 (2007)....................................................................................12, 13, 18

Ben-Levy v. Bloomberg L.P.,
    518 Fed. App'x 17 (2d Cir. 2013)..........................................................................20

Bennett v. Health Mgt. Sys., Inc.,
    92 A.D.3d 29 (1st Dep't 2011) ..............................................................................14

Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist.,
    127 F. Supp. 2d 452 (S.D.N.Y. 2001)...................................................................12

Boonmalert v. City of New York,
    721 Fed. App'x 29 (2d Cir. 2018)................................................................10, 17, 20

Boyle v. McCann-Erickson, Inc.,
    949 F. Supp. 1095 (S.D.N.Y. 1997).......................................................................21

Breitstein v. Michael C. Fina Co.,
    156 A.D.3d 536 (1st Dep't 2017) ..........................................................................22

Brennan v. Metropolitan Opera Ass'n, Inc.,
192 F.3d 310 (2d Cir. 1999)................................................................................21

Brown v. Daikin,
756 F.3d 219 (2d Cir. 2014)..........................................................................17, 18

City Employees Union Local 237, IBT AFL-CIO v. City of New York,
28 A.D.3d 230 (1st Dep't 2006) ........................................................................15

Costabile v. Cnty. of Westchester,
485 F. Supp. 2d 424 (S.D.N.Y. 2007)................................................................11

Culmone-Simeti v. New York City Dep't of Educ.,

17 Civ. 2313 (ER), 2018 U.S. Dist. LEXIS 115270 (S.D.N.Y. July 11, 2018)......................16

Diaz v. City Univ. of N.Y.,
13 Civ. 2038 (PAC), 2014 U.S. Dist. LEXIS 184757 (S.D.N.Y. Nov. 10,
2014) ...................................................................................................................22

Dimitracopoulos v. City of New York,
26 F. Supp. 3d 200 (E.D.N.Y. 2014) .................................................................10

Dressler v. City Sch. Dist. of N.Y.,
2016 U.S. Dist. LEXIS 107753 (S.D.N.Y. Aug. 15, 2016)................................18

Franchino v. Terence Cardinal Cook Health Care Ctr. Inc.,
692 Fed. App'x 39 (2d Cir. 2017).....................................................................13

Galabya v. N.Y. City Bd. of Educ.,
202 F.3d 636 (2d Cir. 2000)..............................................................................14

George v. Prof'l Disposables Int'l, Inc.,
15 Civ. 3385 (RA), 2016 U.S. Dist. LEXIS 72912 (S.D.N.Y. June 1, 2006) .........................22

Gross v. FBL Fin. Servs.,
557 U.S. 167 (2009)............................................................................................13

Hall v. New York City Dep't of Transp.,
701 F. Supp. 2d 318 (E.D.N.Y. 2010) ...............................................................16

Hardy v. N.Y.C. Health & Hosps. Corp.,
164 F.3d 789 (2d Cir. 1999)...........................................................................10, 11

Harris v. Forklift Sys., Inc.,
510 U.S. 17 (1993)...............................................................................................19

Honeck v. Nicolock Paving Stones of New Eng., LLC,
    247 Fed. App'x 306 (2d Cir. 2007)..........................................................................20

Hubbard v. Port. Auth. of New York & New Jersey,
    05 Civ. 4396 (PAC), 2008 U.S. Dist. LEXIS 12316 (S.D.N.Y. Feb. 20, 2008).....................16

Jeter v. Bd. of Educ. of N.Y.,
    99 Civ. 2537, 2004 U.S. Dist. LEXIS 31391 (E.D.N.Y. Mar. 30, 2004) ...............................15

Khan v. Abercrombie & Fitch, Inc.,
    No. 01 Civ. 6163 (WHP), 2003 U.S. Dist. LEXIS 16329 (S.D.N.Y. Sept. 17,
    2003) .............................................................................................................................21

Liles v. N.Y.C. Dep't of Educ.,
    516 F. Supp. 2d 297 (S.D.N.Y. 2007).........................................................................9

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)..............................................................................19, 21

Llanos v. City of New York,
    129 A.D.3d 620 (1st Dep't 2015) .......................................................................22

Marcus v. Leviton Mfg. Co.,
    661 Fed App'x 29 (2d Cir. 2016)...........................................................13, 17, 18, 19

Massaro v. Dep't of Educ. of the City of N.Y.,

    121 A.D.3d 569, 570 (1st Dep't 2014) .................................................................19

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)....................................................................................................13

Mejia v. Roosevelt Island Med. Assoc.,
    95 A.D.3d 570 (1st Dep't 2012) ...............................................................................16

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).......................................................................................14

Pierson v. City of New York,
    56 N.Y.2d 950 (1982) ...............................................................................................10

Richards v. N.Y. City Dep't of Educ.,
    2017 U.S. Dist. LEXIS 50748 (E.D.N.Y. Mar. 31, 2017).....................................11

Riddle v. Citigroup,
    449 Fed. Appx. 66 (2d Cir. 2011) .............................................................................9

Rodriguez v. Int'l Leadership Charter Sch.,
08 Civ. 1012 (PAC), 2009 U.S. Dist. LEXIS 26487 (S.D.N.Y. Mar. 30, 2009).
Notice ...................................................................................................................................10

Ruiz v. Cnty. of Rockland,
609 F.3d 486 (2d Cir. 2010)...................................................................................................18

Santiago v. Newburgh Enlarged City Sch. Dist.,
434 F. Supp. 2d 193 (S.D.N.Y. 2006)....................................................................................11

Saunders v. NYC Dep't of Educ.,
7 Civ. 2725 (SJF)(LB), 2010 U.S. Dist. LEXIS 71500 (E.D.N.Y. July 15,
2010) ........................................................................................................................................18

Silvis v. City of New York,
95 A.D.3d 665 (1st Dep't 2012) .............................................................................................16

Sotomayor v. City of New York,
862 F. Supp. 2d 226 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013)......................15, 23

Sundaram v. Brookhaven Nat'l Labs.,
424 F. Supp. 2d 545 (E.D.N.Y. 2006) ........................................................................9, 10, 18

Tomassi v. Insignia Fin. Grp., Inc.,
478 F.3d 111 (2d Cir. 2007)....................................................................................................13

Whitfield-Ortiz v. Dep't of Educ. of the City of N.Y.,
116 A.D.3d 580 (1st Dep't 2014) ...........................................................................................19

Williams v. City of New York,
12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837 (S.D.N.Y. Mar. 26, 2014),
aff'd 602 Fed App'x 28 (2d Cir. 2015)....................................................................................17

Williams v. New York City Hous. Auth.,
61 A.D.3d 62 (1st Dep't 2009) ....................................................................................14, 22, 23

**Statutes**

29 U.S.C. § 626(e) ..........................................................................................................................9

Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. .................................... passim

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. ....................... passim

New York Education Law § 3813 .................................................................................10, 11, 12

New York General Municipal Law § 50-e ...........................................................................11, 12

New York State Human Rights Law, Executive Law §§ 290, <u>et</u> <u>seq.</u> .................................. *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 12 .......................................................................12, 13, 24

## PRELIMINARY STATEMENT

Plaintiff, a 72-year-old school counselor employed by the New York City Department of Education ("DOE")[1], commenced this action alleging discrimination and a hostile work environment on the basis of her age under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"); the New York State Human Rights Law, Executive Law §§ 290, et seq. ("SHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. ("CHRL").  Specifically, plaintiff alleges that defendants discriminated against her and created a hostile work environment when they denied her "per session" work, did not provided with replacement keys, did not paint her office, did not provide her with equipment and supplies, and "excessed" and reassigned her to a different school via the Absent Teacher Reserve ("ATR").  The Complaint does not allege that plaintiff received any negative annual performance evaluations, received lower wages, or experienced a change in job title.

Defendants now move to dismiss the Complaint in its entirety.  First, plaintiff's ADEA claims are time-barred as to events occurring prior to December 30, 2016, i.e., outside of the 300 days prior to the filing of her charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

Second, plaintiff failed to file a timely notice of claim pursuant to New York State Education Law, which is a condition precedent to her state law claims.  Thus, the SHRL and CHRL claims must be dismissed.

Third, the Complaint fails to allege that plaintiff suffered any adverse

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

employment action.  While plaintiff was "excessed" and reassigned as a school counselor at other DOE schools, the Complaint does not allege that she was demoted or that she lost income to which she was entitled.  Trivial inconveniences, such as being assigned extra duties or being reprimanded for professional misconduct, do not constitute adverse employment actions in a discrimination claim.

Furthermore, the Complaint admits that plaintiff was "excessed" due to financial reasons and a reduction of staffing at I.S. 229, which, alone, defeats any inference that plaintiff's age was the "but-for" cause for any alleged discrimination.  While the Complaint contends, in a conclusory fashion, that "younger staff members" are treated better than plaintiff, it is silent as to the names, ages, or job descriptions of any alleged "comparators."  Thus, there is no inference of discriminatory animus towards plaintiff on the basis of her age sufficient to establish a prima facie case of age discrimination.

Finally, plaintiff's hostile work environment claims fail.  Plaintiff's allegations of two stray remarks, are not linked to any protected characteristic and those that might be stretched to do so were allegedly uttered by a supervisor who was not involved in DOE's decision to "excess" plaintiff based on financial reasons.  While plaintiff may take issue with having to borrow a computer or bathroom keys from a colleague, these trivial inconveniences do not stretch to the level of age-based harassment.

Accordingly, the Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS[2]

Since September, 2001, plaintiff, a 72-year-old school guidance counselor, has been assigned to I.S. 229 as a school counselor. See plaintiff's April 17, 2018 Complaint ("Complaint"), annexed to the Declaration of Shirley W. Bi, dated September 14, 2018 ("Bi Declaration" or "Bi Decl.") as Exhibit "A," at ¶ "9," "11." Shortly after, in 2002, Ezra Matthias ("Principal Matthias") became principal of I.S. 229. Id. at ¶ "10." Plaintiff concludes that, starting in the 2014-15 school year, that is, after 12 years of working with Principal Matthias (and from ages 55 through 68) without being subject to any alleged age discrimination, she suddenly experienced "differential treatment" and a "hostile work environment" due to her age. Id. at ¶ "12." The Complaint does not allege that plaintiff received any negative annual professional performance ratings, experienced a change in job title, or received a decrease salary. See generally Complaint.

### A.      2014-15 School Year

Plaintiff alleges that defendants denied her permission to perform "per session" work in an unidentified after-school program. See Complaint, ¶ "13." Plaintiff concludes that other unnamed or otherwise unidentified "younger staff members" have been directly give permission to perform such "per session" work, even though these "per session" opportunities are not publically posted. Id. at ¶ "14." The Complaint is devoid of details as to the names, ages, or job titles of these other "younger staff members." Id. Plaintiff does not allege who denied her "per session" work opportunities, or the reasons given. Nor does she discuss whether

---

[2] This statement of facts is derived from the material factual allegations set forth in plaintiff's complaint, dated April 17, 2018. Those facts, but not the conclusions, will be assumed to be true solely for the purpose of the instant Defendants' Motion to Dismiss the Complaint. In addition, this statement of facts is derived from the documents annexed to the Declaration of Shirley W. Bi, dated September 14, 2018.

she, or anyone else in the protected class, ever applied to participate in these non-public, "per session" opportunities in the first place.  Id.

**B.**     **2015-16 School Year**

Plaintiff maintains that during this school year, her office was never painted, despite those of "younger, similarly-situated staff members being painted" for reasons unknown to her.  See Complaint, ¶ "31."  The Complaint is again devoid of details such as the names, ages, and job titles of these "younger, similarly-situated staff members," or which rooms were allegedly painted.

Plaintiff alleges that all staff members were provided with computers during the 2015-2016 and 2016-2017 school years. Id. at ¶ 33.  On various, unspecified dates, plaintiff purportedly complained to Principal Matthias that her school-issued computer did not function. See Complaint, ¶ "34."  Despite alleging that, plaintiff did not receive the same equipment and supplies as, "younger, similarly-situated staff members," plaintiff again fails to provide any identifying information for the "younger, similarly-situated staff members."  Id. at ¶ 32.

Also on an unspecified date during the 2015-2016 school year, Principal Matthias allegedly stated to plaintiff that he "cannot put printers everywhere."  Id. at ¶ "38."  The Complaint does not allege that plaintiff filed any complaints or grievances regarding this issue, or whether the issue was resolved.

In April, 2016, plaintiff lost keys to her office and the school's bathroom.  Id at ¶ "15."  At various time throughout the remainder of the school year, plaintiff allegedly requested replacement keys from the school, to no avail.  See Complaint, ¶¶ "15,"-"16."  The Complaint does not discuss to whom plaintiff made the request, who, if anyone, denied her request, or what reasons were provided, if any.  As a result, plaintiff alleges that she borrowed a bathroom key

from a colleague, which caused her "hardship" such as the need to travel to other floors to borrow a bathroom key, and that she could not lock her office between April and June, 2016.  Id. at ¶¶ "17,"-"18."

**C.      2016-17 School Year**

Sometime in September, 2016, plaintiff alleges that she "formally" requested a replacement office key, because students would "slam" her office door to harass her.  See Complaint, ¶ "19."  Plaintiff does not allege to whom she submitted this request.

Plaintiff alleges that, at around the same time, a professional development conference was held at I.S. 229, during which the school administration asked who needed bathroom keys.  Plaintiff responded by raising her hand.  Id. at ¶ "20."  Plaintiff allegedly did not receive a new bathroom key.  Id.  Plaintiff subsequently made a "formal" request in writing for bathroom keys.  Id. ¶ "21."  Two weeks later, plaintiff was informed that no new keys would be cut.  Id. at ¶ "22."  However, plaintiff allegedly learned that "all" of the "new, younger teachers" received bathroom keys.  Id. at ¶ "23."

Sometime in October, 2016, plaintiff made a second, "formal" request for keys.  See Complaint, ¶ "24."  Subsequently, on November 17, 2016, plaintiff allegedly submitted a third request for keys by email.  Id. at ¶ "25."  While the Complaint is silent as to whom plaintiff made these requests, plaintiff purports that both of these requests were unacknowledged.  Id.

For some unspecified period of time, plaintiff allegedly experienced "physical hardship," including the need to borrow bathroom keys from her colleagues, to travel to different floors or down long hallways.  See Complaint, ¶ "26."  She was also unable to lock her office, which allegedly exposed her to harassment from students.  Id.

- 5 -

On February, 14, 2017, plaintiff went on disability leave until mid-May, 2017. See Complaint, ¶ "27." Plaintiff alleges that she learned that a teacher from the ATR who replaced plaintiff during this leave period received an office key. Id. at ¶ "28." Plaintiff admits that she received a copy of her office key from the ATR teacher, but is dissatisfied that she did not personally receive a bathroom key. Id. at ¶¶ "29,"-"30."

Also in February, 2017, plaintiff received a letter to her personnel file as a result of her failure to timely submit promotional letters for graduating students. See Complaint, ¶ "42." While plaintiff admits that she did, in fact, commit such professional misconduct, she argues that it was "through no fault of her own." Id. The Complaint does not allege that plaintiff filed any union grievances or filed any rebuttal letters as permitted by the collective bargaining agreement ("CBA") between her union and the DOE. Plaintiff, however, concludes that defendants refused to remove the letter from her file. Id.

Plaintiff alleges that she did not receive a computer or printer during the 2016-17 school year. See Complaint, ¶¶ "35," "38," "39." Because plaintiff required a computer to input data into the Special Education Student Information System ("SESIS"), she borrowed other colleagues' computers, allegedly experiencing "hardship." Id. at ¶ "36." According to plaintiff, "younger, similarly situated individuals," including a social worker, a guidance counselor, and a school psychologist received computers and functional printers. Id. at ¶¶ "37,"-"38." Plaintiff concludes that only "senior staff members" were not given functional computers, printers, or smart boards, but does not provide the names, ages, or job titles of these coworkers. Id. at ¶ "40."

In June, 2017, plaintiff allegedly returned from a leave of absence. See Complaint, ¶ "43." At this time, Principal Matthias allegedly stated to plaintiff's union

representative, Veronica Uwanaka, that "Ms. Thomas is too old for the job," and that he does not "want an old guidance counselor in the school." Id. No other context was provided. That same month, plaintiff was allegedly required to perform yard duty and lunch duty, in violation of her rights pursuant to the CBA. Id. at ¶ "44."

Plaintiff alleges that, "[o]n or about June 16, 2017," she received a letter from Principal Matthias, which "excessed" plaintiff from I.S. 229. See Complaint, ¶ "45." Despite lacking clarity as to the exact date when the letter was dated, sent, or received, plaintiff purports that the letter was issued one day later than permitted by the CBA, which would have been June 15, 2017. Id. at ¶ "47." Further, plaintiff alleges that she filed a grievance with her union as plaintiff was "excessed" in error, because staff members "with the least seniority" within the license area should have been "excessed" first. Id. at ¶¶ "48,"-"49."

On June 28, 2017, Principal Matthias sent a letter to plaintiff denying her grievance. See Complaint, ¶ "50." In response, plaintiff proceeded to Step II of the CBA's grievance procedure. A Step II grievance hearing was held before a Chancellor's representative on September 25, 2017. See Complaint, ¶ "51." On that day, when plaintiff left the hearing room during a break, Principal Matthias allegedly stated to another one of plaintiff's union representative, Ellin Gallin Procida, that he "did not want Plaintiff at his school." Id. at ¶ "52." As a result, a Ms. Harrison[3] advised plaintiff to look for other opportunities outside of I.S. 229. Id. As of the filing of the instant action, plaintiff has not received a decision to the Step II grievance. Id. at ¶ "53."

---

[3] The Complaint fails to provide any identifying information regarding Ms. Harrison, or any description as to her role or involvement at the September 25th grievance hearing.

On October 26, 2017, the EEOC received a copy of plaintiff's charge of discrimination. A copy of plaintiff's EEOC Intake Questionnaire, dated October 23, 2017, is annexed to the Bi Declaration as Exhibit "B," at 12-18. Plaintiff's EEOC Intake Questionnaire was stamped received on October 26, 2017. Id. at 14.

On January 17, 2018, the EEOC issued a Notice of Right to Sue letter to plaintiff. See Complaint, ¶ "55." On April 17, 2018, plaintiff commenced this action, alleging age discrimination and a hostile work environment under the ADEA, SHRL, and the CHRL.

On April 18, 2018, plaintiff filed a special proceeding petition with the Supreme Court of New York, County of Kings ("State Court"), seeking leave to file a late notice of claim with respect to her SHRL and CHRL claims. See petition, verified April 18, 2018 and accompanying exhibits, Index No. 507887/2018 (Sup. Ct. Kings Co.) (Levine, J.) ("Petition"), a copy of which is annexed to the Bi Declaration as Exhibit "B." The return date for the State Court Petition is scheduled October 19, 2018.

Defendants now move to dismiss the Complaint in its entirety.

**ARGUMENT**

**POINT I**

**THE COMPLAINT IS PARTIALLY BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.**

As a prerequisite to bringing an ADEA claim, a plaintiff must first file an administrative charge of discrimination with the EEOC or a state agency within 300 days of the allegedly discriminatory act.  See Riddle v. Citigroup, 449 Fed. Appx. 66, 69 (2d Cir. 2011); Liles v. N.Y.C. Dep't of Educ., 516 F. Supp. 2d 297, 309 (S.D.N.Y. 2007).  Here, the EEOC received plaintiff's charge of discrimination on October 26, 2017.  See EEOC Intake Questionnaire, dated October 23, 2017, a copy of which is annexed to the Bi Declaration as Exhibit "A," at 3 (stamped "RECEIVED 2017 OCT 26 PM 2:01").  Thus, any alleged discriminatory acts occurring prior to December 30, 2016, i.e., more than 300 days before the EEOC's receipt of plaintiff's charges, are untimely.  See 29 U.S.C. § 626(e).  Accordingly, to the extent that plaintiff's ADEA claims are based on events occurring prior to December 30, 2016, those allegations must be dismissed as outside of the 300-day period.  See Amtrak v. Morgan, 536 U.S. 101, 109 (2002); Complaint, ¶¶ "13,"-"26," "31,"-"34," "36,"-"41."

Moreover, plaintiff's EEOC charge only cites to one alleged comment by Principal Matthias.  See EEOC Intake Questionnaire, dated October 23, 2017, Bi Decl., Ex. "B," at 17.  "[A] district court only has jurisdiction to hear such claims where they were either included in an EEOC charge or are based on conduct subsequent to the charge which is 'reasonably related' to that alleged in the EEOC charge."  Sundaram v. Brookhaven Nat'l Labs., 424 F. Supp. 2d 545, 567 (E.D.N.Y. 2006) (citations omitted).  Claims which are not presented to the EEOC cannot be reviewed by this Court.  Also, unpreserved claims of discriminatory acts

- 9 -

are now time-barred even if they occurred after December 30, 2016, since plaintiff failed to follow conditions precedent by first exhausting her administrative remedies at the EEOC level. See id.

Further, plaintiff's state law claims brought under the SHRL and CHRL are time-barred as filed more than one year after the accrual of the claim as against schools, school districts, and boards of education, and more than three years as against individually named defendants. See Boonmalert v. City of New York, 721 Fed. App'x 29, 31 (2d Cir. 2018); Dimitracopoulos v. City of New York, 26 F. Supp. 3d 200, 211 (E.D.N.Y. 2014). Accordingly, claims based on allegations occurring prior to April 17, 2017 must be dismissed as against the DOE, and those prior to April 17, 2015 must be dismissed against Principal Matthias. See Complaint, ¶¶ "13,"-"14."

## POINT II

### PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED FOR A FAILURE TO SATISFY THE NEW YORK NOTICE OF CLAIM REQUIREMENT.

State notice of claim requirements apply to state law claims brought in federal court. See Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999); Pierson v. City of New York, 56 N.Y.2d 950, 954-55 (1982). New York Education Law § 3818(1) requires service of a notice of claim upon a school district or board of education within three months after the accrual of a claim as an absolute condition precedent to maintaining any action against the school district or board of education, or its officers. See Rodriguez v. Int'l Leadership Charter Sch., 08 Civ. 1012 (PAC), 2009 U.S. Dist. LEXIS 26487 (S.D.N.Y. Mar. 30, 2009). Notice of claim requirements "are construed strictly by New York state courts," and a "failure to comply

with [those] requirements ordinarily requires a dismissal for failure to state a cause of action."
Hardy, 164 F.3d at 793-94.

On April 18, 2018, plaintiff filed a special proceeding petition with the Supreme Court of New York, County of Kings ("State Court"), seeking leave to file a late notice of claim with respect to her SHRL and CHRL claims.  See petition, verified April 18, 2018 and accompanying exhibits, Index No. 507887/2018 (Sup. Ct. Kings Co.) ("Petition"), a copy of which is annexed to the Bi Declaration as Exhibit "B."  That is, to date, plaintiff has not filed a notice of claim against the DOE, nor does she have leave from State Court to file a late notice of claim.  Plaintiff's failure to comply with Education Law § 3813 is a defect in pleading and entitles a defendant to judgment as a matter of law on her State law claims.  See Richards v. N.Y. City Dep't of Educ., 16 Civ. 957 (MKB), 2017 U.S. Dist. LEXIS 50748, *55 (E.D.N.Y. Mar. 31, 2017) (citations omitted).

Moreover, plaintiff's EEOC claim does not satisfy the notice of claim requirement.  See, e.g., Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2006) (collecting cases).  Next, only State Court can grant extension of time to file a late notice of claim.  See Costabile v. Cnty. of Westchester, 485 F. Supp. 2d 424, 431 (S.D.N.Y. 2007) (under New York General Municipal Law § 50-e, a motion for a late notice of claim must be made to New York Supreme Court; Federal Court has no jurisdiction to grant motion for late NOC) (citing Gen. Mun. L.§ 50-e(7) and collecting cases).  Additionally, a notice of claim must be filed within three months of the accrual of plaintiff's claim.  See Richards, 2017 U.S. Dist. LEXIS 50748, at *53.  Here, the alleged adverse employment action—plaintiff's "excessing"—occurred on or about June 16, 2017.  See Complaint, ¶ "45."  Plaintiff's time to file a notice of claim expired three months later, on or about September 16, 2017.  However,

plaintiff did not file the State Court Petition until April 18, 2018—more than seven months after the lapse of the three-month period permitted under General Municipal Law § 50-e.

Even assuming, arguendo, that plaintiff's EEOC claim somehow satisfies the notice of claim requirement, the EEOC did not receive her charge until October 26, 2017, again past the three-month period permitted after accrual of plaintiff's claim.  Biggers v. Brookhaven-Comsewogue Union Free Sch. Dist., 127 F. Supp. 2d 452, 456 (S.D.N.Y. 2001) ("[E]ven if the plaintiff's EEOC filing constituted notice of her claim to the School District, that notice was not filed within the statutory three-month period" and "[t]herefore, the plaintiff's state discrimination claim is dismissed for her failure to file a notice of claim as required by section 3813(1) of the Education Law.").  In any event, assuming again, arguendo, that the State Court grants plaintiff's April 18, 2018, Petition to file a late notice of claim, the statute of limitations under Education Law § 3813 permits a one-year lookback, i.e., all claims accruing before April 18, 2017 would be time-barred.  See N.Y. Educ. L. § 3813(2-b); Amorosi v. S. Colonie Ind. Ctr. Sch. Dist., 9 N.Y.3d 367, 371 (2007).

Accordingly, plaintiff's failure to file a timely notice of claim or is fatal to each her State law claims, which must be dismissed in their entirety.

**POINT III**

**PLAINTIFF FAILS TO STATE A PLAUSIBLE DISCRIMINATION CLAIM.**

**A.     The Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 557 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, the Supreme Court has held that a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and must be dismissed. Id. (citing Twombly, 550 U.S. at 570).

**B.      Plaintiff's Age Discrimination Claim Fails**

In an ADEA case, "to survive a motion to dismiss under Rule 12(b)(6), what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Franchino v. Terence Cardinal Cook Health Care Ctr. Inc., 692 Fed. App'x 39, 41 (2d Cir. 2017) (citations and quotations omitted).  Because a plaintiff in an ADEA case must ultimately show that age was the "but-for" cause of the adverse employment action, on a motion to dismiss, the plaintiff must plead "sufficient facts to plausibly support a minimal inference of 'but-for' causality," that is, the adverse employment action would not have occurred without the plaintiff's age. Marcus v. Leviton Mfg. Co., 661 Fed App'x 29, 31-32 (2d Cir. 2016).  See Gross v. FBL Fin. Servs., 557 U.S. 167, 177 (2009); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  The SHRL is analyzed under the same standard.  See Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115 n.3 (2d Cir. 2007) ("[A]ge discrimination claims under the ADEA, NYSHRL, and NYCHRL are analyzed under the same standard . . . ").

"[C]ourts must analyze []CHRL claims separately and independently from any federal and state law claims, construing the []CHRL provisions broadly in favor of discrimination plaintiffs . . . ." <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 109 (2d Cir. 2013); <u>Williams v. New York City Hous. Auth.</u>, 61 A.D.3d 62, 65-66 (1st Dep't 2009); <u>Bennett v. Health Mgt. Sys., Inc.</u>, 92 A.D.3d 29, 45 (1st Dep't 2011).  However, "the []CHRL does not require either materially adverse employment actions or severe and pervasive conduct," but instead focuses "on unequal treatment . . . regardless of whether the conduct is tangible[.]"  <u>Mihalik</u>, 715 F.3d at 114.

1.   *Plaintiff Has Not Pled An Adverse Employment Action*

An adverse employment action is a "materially adverse change in the terms and conditions of employment," something "more disruptive than a mere inconvenience or an alteration of job responsibilities" such as a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."  <u>See</u> <u>Galabya v. N.Y. City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000).  Here, the only claims within the 300-day statute of limitations period involve allegations that plaintiff received a letter to her file in or around February, 2017, and was subsequently "excessed" from I.S. 229.  <u>See</u> Complaint, ¶¶ "42," and "45,"-"49."  First, the Complaint does not allege that, as a result of her being "excessed," plaintiff experienced a change of job title or decrease in salary, including a loss of any alleged entitled "per session" income."  <u>Id.</u> at ¶ "14."  Rather, the Complaint is silent regarding if plaintiff ever applied for "per session" work opportunities, and therefore plaintiff has not pled that she was, or could have been, denied additional income to which plaintiff was allegedly entitled.  <u>Id.</u>  Further, plaintiff was not fired, and rather, was

reassigned from being a guidance counselor at I.S. 229 to being that in the ATR pool.  See Jeter v. Bd. of Educ. of N.Y., 99 Civ. 2537, CV-99-2537 (DGT), 2004 U.S. Dist. LEXIS 31391, *8 (E.D.N.Y. Mar. 30, 2004) (holding plaintiff who was excessed did not suffer an adverse employment action because the excess did not change plaintiff's "salary, benefits, hours or opportunities for promotion").  Indeed, the Complaint does not contend that being "excessed" deprived plaintiff's opportunities for promotion, or how her career advancement was otherwise hampered by being in the ATR.  See id.

Next, being assigned duties such as extra lunch or yard duties is not adverse employment action.  See Sotomayor v. City of New York, 862 F. Supp. 2d 226, 255 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013).  To the extent that plaintiff claims that these extra assignments or the issuance of the late "excess" letter violated the CBA between her employer and her union, these allegations do not give rise to a discrimination claim, and plaintiff must instead pursue contractual remedies provided to her by the CBA.  See, e.g., City Employees Union Local 237, IBT AFL-CIO v. City of New York, 28 A.D.3d 230, 231 (1st Dep't 2006) ("Since [disputes such as scheduled layoffs] fell within the ambit of the "Complaint and Grievance Procedure" of the parties' collective bargaining agreement, petitioner was bound, in the first instance, to proceed in accordance with the agreement and not bringing suit directly against the employer.") (citations omitted).

Moreover, letters to plaintiff's personnel file do not rise to the level of an adverse employment action where, as here, they do not trigger any adverse consequences, such as termination.  Sotomayor, 682 F. Supp. 2d at 255.  While plaintiff is dissatisfied with her supervisor's decision to scrutinize her professional performance, the Complaint still fails to allege that the February, 2017 letter to plaintiff's file was false, or was otherwise accompanied

- 15 -

by any unfavorable consequences such as a decrease in pay or being placed on probation.  See Hubbard v. Port. Auth. of New York & New Jersey, 05 Civ. 4396 (PAC), 2008 U.S. Dist. LEXIS 12316 (S.D.N.Y. Feb. 20, 2008).  Further, plaintiff does not plead that she challenged the February, 2017 letter through the proper channels.  Finally, trivial inconveniences personal to plaintiff, such as not receiving a printer, or bathroom and office keys which required plaintiff to travel extra distance to use the bathroom, are not adverse employment actions.  See Culmone-Simeti v. New York City Dep't of Educ., 17 Civ. 2313 (ER), 2018 U.S. Dist. LEXIS 115270 (S.D.N.Y. July 11, 2018) (trivial harms, such as being "shushed," is not an adverse employment action).

Assuming, arguendo, that plaintiff's state claims are not dismissed due to her failure to file a notice of claim, plaintiff similarly fails to satisfy to the third prong of the prima facie case even under the more liberal standard of the CHRL.  Namely, requiring plaintiff to teach at a different school as a result of her ATR assignment, without more, does not amount to an adverse employment action.  See, e.g., Silvis v. City of New York, 95 A.D.3d 665, 655 (1st Dep't 2012) (plaintiff's "transfer from the position of literacy coach to classroom teacher was 'merely an alteration of her responsibilities," where plaintiff also alleged that she was subjected to a "relentless stream of reprimands," does not constitute an adverse employment action).  Similarly, while plaintiff takes issue with the letter to her personnel file citing to her professional misconduct, "reprimands and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." Mejia v. Roosevelt Island Med. Assoc., 95 A.D.3d 570, 572 (1st Dep't 2012) (citing Hall v. New York City Dep't of Transp., 701 F. Supp. 2d 318, 336 (E.D.N.Y. 2010)).

2.   *Plaintiff Has Not Pled Discriminatory Intent*

Even if the Court were to find that plaintiff suffered an adverse employment action, plaintiff's age discrimination claims fail because she has not adequately pled that any action alleged in the Complaint that gives rise to an inference of discrimination.  First, the Complaint contends that DOE "excessed" plaintiff based on financial constraints, which led to the reduction of the size of the I.S. 229 faculty.  See Complaint, ¶ "45,"-"49."  This admission defeats any inference of a "but-for" causation linking the alleged adverse employment action to plaintiff's age.  See Boonmalert, 721 Fed. App'x at 32.  Williams v. City of New York, 12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837, *33 (S.D.N.Y. Mar. 26, 2014), aff'd 602 Fed App'x 28 (2d Cir. 2015).

Second, plaintiff conclusion that she was "excessed" instead of a "less senior social worker," whose age or job responsibilities are unknown, is insufficient to satisfy the causation prong of an ADEA claim.  See Complaint, ¶ "49."  The Complaint alleges that DOE generally treated "younger" employees better, but is, however, bereft of any specific facts to support this bare allegation.  Marcus, 661 Fed App'x at 32.  The Complaint is similarly silent as to whether a "less senior" social worker is, in fact, younger than plaintiff.  Nor does the Complaint provide any names, dates, ages, or reasons with respect to who received "better" treatment compared to plaintiff.  Id.

The Complaint is devoid of any factual allegation demonstrating how the supposedly favored, "younger" staff members are similarly situated to plaintiff "in all material aspects."  Brown v. Daikin, 756 F.3d 219, 230 (2d Cir. 2014).  While the Complaint baldly asserts that DOE violated plaintiff's seniority rights, it is devoid of facts as to whether the social worker, the alleged comparator who was not "excessed," was "subject[ed] to the same workplace standards" as plaintiff, such as reporting to the same supervisor, and being measured under the

- 17 -

same performance review schemes and disciplinary procedures. The Complaint also fails to provide any details about the alleged comparators' "job function, experience, qualifications, or rate of pay," or allege that plaintiff's alleged comparators were exempt from discipline when they engaged in similar professional misconduct, i.e., submitting late graduation recommendations. See Brown, 756 F.3d at 230; see also Abdul-Hakeem v. Parkinson, 523 Fed. App'x 19, 21 (2d Cir. 2013); Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493-94 (2d Cir. 2010). "Such skeletal pleading provides no more than 'naked assertions devoid of further factual enhancement' and does not allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged," and must be dismissed. Marcus, 661 Fed. App'x at 32 (citing Iqbal, 556 U.S. at 678) (citations omitted); see also Saunders v. NYC Dep't of Educ., 7 Civ. 2725 (SJF)(LB), 2010 U.S. Dist. LEXIS 71500, *83 (E.D.N.Y. July 15, 2010).

Third, plaintiff's attempt to establish causation by exclusively relying on two hearsay comments from her union representatives must be rejected. Plaintiff does not allege that she personally overheard the invidious comments. See Dressler v. City Sch. Dist. of N.Y., 15 Civ. 3696 (JPO), 2016 U.S. Dist. LEXIS 107753, *10 (S.D.N.Y. Aug. 15, 2016) (that the defendant spoke to plaintiff about plaintiff's "final year" of teaching, and "retirement," "in a year or two" fails to suggest discriminatory animus on the basis of plaintiff's age). Thus, plaintiff's factual allegations simply do not rise above a speculative level. See Twombly, 550 U.S. at 555. Even plaintiff's own EEOC intake questionnaire, dated October 23, 2016, neglects to mention that Principal Matthias stated that "Ms. Thomas is too old for the job," or that he "did not want Plaintiff at his school." Compare Petition Exhibit "A," Bi Decl., at 11-17 with Complaint, ¶¶ "43," "52." Claims not presented to the EEOC charge are not preserved for review by this Court. See Sundaram, 424 F. Supp. 2d at 456. The remaining hearsay comment, that Principal Matthias

- 18 -

does not "want an old guidance counselor in the school," is not alleged to be connected with any discriminatory motive and simply does not even mention plaintiff or her age.  Complaint, ¶ "43." Absent any other factual allegations specific to plaintiff's protected characteristics giving rise to a discriminatory animus solely due to plaintiff's age, the Complaint fails to nudge plaintiff's claims across the line from conceivable to plausible.  See Marcus, 661 Fed. App'x at 32-33.

Likewise, even allowing plaintiff's allegation that she was "excessed" before junior social workers every favorable inference under the CHRL, plaintiff's failure to establish a discriminatory animus is fatal to her age discrimination claim.  See Whitfield-Ortiz v. Dep't of Educ. of the City of N.Y., 116 A.D.3d 580, 581 (1st Dep't 2014); Massaro v. Dep't of Educ. of the City of N.Y., 121 A.D.3d 569, 570 (1st Dep't 2014) ("Indeed, [plaintiff's] allegation that she was 51 years old and was treated less well than younger teachers are insufficient to support her claims.") (citations omitted).  Accordingly, plaintiff's age discrimination claims must be dismissed in their entirety.

## POINT IV

### PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS.

To state a claim for a hostile work environment, a plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (citations and quotations omitted). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." Littlejohn v. City of New York, 795 F.3d 297, 321 (2d Cir. 2015) (citations and quotations

omitted).  Generally, unless an incident of harassment is sufficient severe, "incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemd pervasive."  Alfano v. Costello, 294 F.3d 364, 374 (2d Cir. 2002).  Plaintiff must also allege that the conduct creating the hostile work environment occurred because of her protected status. Ben-Levy v. Bloomberg L.P., 518 Fed. App'x 17, 20 (2d Cir. 2013).  Claims under the SHRL are analyzed under the same standard.  Id.

 "While under the []CHRL, the alleged hostile conduct need not be severe or pervasive, [plaintiff] must still allege that h[er] age was the motivating factor behind any workplace hostility . . . ."  Boonmalert, 721 Fed. App'x at 34.

Here, the timely portions of the Complaint rely heavily on two isolated instances of alleged hearsay remarks.  Two stray hearsay remarks, which are far from being continuous or concerted, cannot constitute the basis for a hostile work environment claim.  Moreover, the first, June, 2017, comment heard by Veronica Uwanaka was not corroborated by plaintiff's own EEOC charge of discrimination, and with respect to the portion actually reported to the EEOC, it does not mention plaintiff's name or age.  See Complaint, ¶ "43."  The second comment, allegedly made on September 25, 2017 and heard by Ellin Gallin Procida, likewise provides no indication that Principal Matthias was referring to plaintiff's age.  Id. at ¶ "52."  Nor does the Complaint plead that this comment was motivated by age discrimination.  Furthermore, the September, 2017, comment, even if true, was made after plaintiff had been "excessed," and could not possibly be seen as severe, pervasive, or more than episodic to objectively create a hostile environment for plaintiff, who was physically reporting to a different DOE school.  See Boonmalert, 721 Fed. App'x at 34; Honeck v. Nicolock Paving Stones of New Eng., LLC, 247 Fed. App'x 306 (2d Cir. 2007) (the scattered, possibly ageist, comments that the employee cited

- 20 -

were so "remote and oblique" to the adverse action that they provided minimal support for his allegation).

In any event, the Complaint concedes that DOE, rather than Principal Matthias, decided to "excess" plaintiff for budgetary reasons.  See Complaint, ¶ "46."  Thus, Principal Matthias played no role in the decision to "excess" plaintiff but merely executed the act, and therefore, his statements, "even if uttered, do not raise an inference of discrimination."  Khan v. Abercrombie & Fitch, Inc., No. 01 Civ. 6163 (WHP), 2003 U.S. Dist. LEXIS 16329, *7 (S.D.N.Y. Sept. 17, 2003) (Title VII context); see also Boyle v. McCann-Erickson, Inc., 949 F. Supp. 1095, 1102 (S.D.N.Y. 1997) (statements by non-involved supervisors cannot be the basis of a discrimination claim).  Additionally, the Complaint admits that staff members are generally "excessed" based on seniority rather than as on age, which does not offer grounds for an ADEA claim.  See, e.g., Brennan v. Metropolitan Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999) (noting that "an environment which is equally harsh . . . for both young and old does not constitute a hostile working environment under the civil rights statutes.").

The only other timely allegations pertain to plaintiff's subjectively perceived "hardship," which required her to borrow bathroom keys and computers to input student data onto SESIS.  See Complaint, ¶¶ "26," "36."  The Complaint fails to provide a specific timeframe as to when within the 2016-17 school year did these incidents occur, at what frequency, or whether they constitute more than discrete, episodic instances of trivial inconveniences.  See Littlejohn, 795 F.3d at 321; see also Complaint, ¶ "36."  Similarly, the Complaint fails to contend that the February, 2017 letter placed in plaintiff's personnel file is false, or was otherwise motivated by animus against plaintiff's age rather than her admitted professional misconduct.  Id. at ¶ "42."  Indeed, not everything plaintiff dislikes in the workplace is

discrimination or gives rise to a hostile work environment.  See George v. Prof'l Disposables Int'l, Inc., 15 Civ. 3385 (RA)(BCM), 2016 U.S. Dist. LEXIS 72912 (S.D.N.Y. June 1, 2006) (dismissing the ADEA hostile work environment claim because the complaint does not contain "any allegations of age-based harassment").

    To the extent that the Complaint attempts to revive time-barred allegations to establish a hostile work environment claim, that attempt must be rejected.  As discussed in Section I, above, allegations of discrete unlawful acts, such as alleged refusal to issue plaintiff replacement keys or printers, or plaintiff's alleged lack of opportunities to apply for "per session" work, are barred by the applicable statute of limitations.  See Morgan, 536 U.S. at 114; Diaz v. City Univ. of N.Y., 13 Civ. 2038 (PAC), 2014 U.S. Dist. LEXIS 184757, *33-34 (S.D.N.Y. Nov. 10, 2014).  Even if these were viable claims, they do not rise to the level of either an adverse employment action or a hostile work environment.

    Similarly, plaintiff's hostile work environment claim under the CHRL must fail. See Williams, 61 A.D.3d at 80.  Isolated, stay remarks do not prove a hostile work environment even under the more liberal CHRL.  See Basso v. EarthLink, Inc., 157 A.D.3d 428 (1st Dep't 2018) (stray remarks do not prove discrimination); Breitstein v. Michael C. Fina Co., 156 A.D.3d 536, 537 (1st Dep't 2017)(same).  As discussed above, plaintiff's failure to adequately plead a discriminatory animus is fatal to her hostile work environment claim.  Llanos v. City of New York, 129 A.D.3d 620, 620 (1st Dep't 2015) ("plaintiffs failure to adequately plead discriminatory animus is fatal to her claim of hostile work environment"); Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination.").  Plaintiff's subjective reaction to incidents that she found

- 22 -

inconvenient are precisely the "petty slights" that the New York State Appellate Division, First Department envisioned as objectively insufficient to show a hostile work environment.  <u>See</u> <u>Williams</u>, 61 A.D.3d at 80.

Therefore, plaintiff's hostile work environment must be dismissed.  <u>See</u> <u>Sotomayor</u>, 862 F. Supp. 2d at 261 (dismissing plaintiff's ADEA and CHRL hostile work environment claims, among others, for the same reasons as that of her discrimination claims based on race, age, and national origin).

## CONCLUSION

For the above reasons, defendants respectfully request that their Motion to Dismiss the Complaint be granted, that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

If defendants' Motion to Dismiss the Complaint is denied, in whole or in part, defendants reserve their right to answer, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respectfully request thirty (30) days from the docketing of the order denying the motion in which to answer the Complaint.

Dated:          New York, New York
                September 14, 2018

                                    **ZACHARY W. CARTER**
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-109(a)
                                    New York, New York 10007-2601
                                    (212) 356-2464
                                    sbi@law.nyc.gov


                    By:    _____/s/_____
                                    Shirley W. Bi
                                    Assistant Corporation Counsel




**JOSEPH ANCI,**
**SHIRLEY W. BI,**
  Of Counsel.

- 24 -