18 Civ. 2259 (WFK)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPHINE THOMAS,

                        Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION and EZRA MATTHIAS, PRINCIPAL of I.S. 229 ROLAND PATTERSON,

                        Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-122
New York, New York 10007-2601

*Of Counsel*: Shirley W. Bi
*Tel.*: (212) 356-2464
sbi@law.nyc.gov

Matter No.: 2018-029029

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    POINT I ...................................................................................................................... 2

        THE COMPLAINT IS PARTIALLY BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS. ................................................................................. 2

    POINT II ..................................................................................................................... 4

        PLAINTIFF FAILS TO STATE A PLAUSIBLE DISCRIMINATION CLAIM. ................................................................................. 4

            i.    *Adverse Employment Actions* ............................................................... 5

            ii.    *Discriminatory Intent* ............................................................................ 6

    POINT III .................................................................................................................... 8

        PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS. ............................................................. 8

    POINT IV .................................................................................................................... 9

        PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED FOR A FAILURE TO SATISFY THE NEW YORK NOTICE OF CLAIM REQUIREMENT. ................................................................................. 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Askin v. Dep't of Educ. of the City of N.Y.,
 110 A.D.3d 621, 622 (1st Dep't 2013). ...................................................................................9

Berlyavsky v. N.Y. City Dep't of Envtl. Prot.,
 14-CV-3217 (KAM)(RER), 2015 U.S. Dist. LEXIS 133647 (E.D.N.Y. Aug.
 28, 2015), adopted and modified in other parts, 2015 U.S. Dist. LEXIS
 133102 (E.D.N.Y. Sept. 30, 2015)............................................................................................9

Boonmalert v. City of New York,
 721 Fed. App'x 29 (2d Cir. 2018)............................................................................................4

Brown v. Daikin Am. Inc.,
 756 F.3d 219 (2d Cir. 2014).....................................................................................................7

Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.,
 10 CV 8486, 2012 U.S. Dist. LEXIS 16438 (S.D.N.Y. Feb. 9, 2012) .....................................3

Dowrich-Weeks v. Cooper Square Realty, Inc.,
 535 F. App'x 9 (2d Cir. 2013) .................................................................................................8

Fitzgerald v. Henderson,
 251 F.3d 348 (2d Cir. 2001).....................................................................................................4

Franchino v. Terence Cardinal Cook Health Care Ctr. Inc.,
 692 Fed. App'x 39 (2d Cir. 2017)............................................................................................4

Francis v. Elmford Sch. Dist.,
 263 F. App'x 175 (2d Cir. 2008) .............................................................................................8

Garone v. U.P.S., Inc.,
 436 F. Supp. 2d 448 (E.D.N.Y. 2006) .....................................................................................9

Gonzaga v. Rudin Mgmt. Co.,
 2016 U.S. Dist. LEXIS 99019 (S.D.N.Y. July 20, 2016) .........................................................4

Gross v. FBL Fin. Servs., Inc.,
 557 U.S. 167 (2009).................................................................................................................6

Hazen Paper Co. v. Biggins,
 507 U.S. 604 (1993).................................................................................................................6

Johnson v. Andy Frain Servs.,
 638 Fed. App'x 68 (2d Cir. 2016)............................................................................................7

Kalp v. Kalmon Dolgin Affiliates of Long Island Inc.,
   No. 11-CV-4000 (JG), 2013 U.S. Dist. LEXIS 43548 (E.D.N.Y. Mar. 27,
   2013) ...................................................................................................................................9

Libbey v. Vill. of Atl. Beach,
   982 F. Supp. 2d 185 (E.D.N.Y. 2013) ..................................................................................2

Malone v. New York Pressman's Union No. 2,
   No. 07-CV-9583, 2011 U.S. Dist. LEXIS 58247 (S.D.N.Y. May 31, 2011) .........................5

Marcus v. Leviton Mfg. Co.,
   661 Fed App'x 29 (2d Cir. 2016) ..........................................................................................6

Riddle v. Citigroup,
   449 Fed. Appx. 66 (2d Cir. 2011) .........................................................................................3

Sealy v. Hertz Corp.,
   688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) ...........................................................................5

Sotomayor v. City of New York,
   862 F. Supp. 2d 226 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013) ......................5, 9

Staten v. City of New York,
   14 Civ. 4307 (ER), 2015 U.S. Dist. LEXIS 94634 (S.D.N.Y. July 20, 2015),
   aff'd 653 Fed. App'x 78 (2d Cir. 2016) .............................................................................2, 3

Thomas v. N.Y.C. Dep't of Educ.,
   938 F. Supp. 2d 334 (E.D.N.Y. 2013) ..................................................................................9

Trachtenberg v. Dep't of Educ. of City of New York,
   12 Civ. 7964 (PAE), 2013 U.S. Dist. LEXIS 48410 (S.D.N.Y. Apr. 3, 2013) ......................8

Williams v. Mirabal,
   11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676 (S.D.N.Y. Jan. 16, 2013) .........................7

**Statutes**

Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ...................................... passim

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") ...............................................6

New York Education Law § 3813 ...................................................................................................9

New York City Administrative Code §§ 8-101, et seq. ..................................................... 1, passim

New York State Human Rights Law, Executive Law §§ 290, et seq. ...............................1, 2, 9, 10

## PRELIMINARY STATEMENT

On September 14, 2018, defendants moved to dismiss the Complaint in its entirety and argued that, (1) plaintiff's Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA") claims are time-barred as to events occurring prior to December 30, 2016, (2) plaintiff failed to file a timely notice of claim with respect to her state law claims under the New York State Human Rights Law, Executive Law §§ 290, et seq. ("SHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-101, et seq. ("CHRL"), (3) plaintiff's discrimination claim fails because she fails to allege any adverse employment actions, or that age was the "but-for" cause of any alleged discrimination, and (4) the hostile work environment fails as the alleged trivial inconveniences are unrelated to plaintiff's age.

Plaintiff's opposition, dated November 16, 2019 ("Pl. Opp.") fails to present any cogent argument to the contrary. First, and in a blatant attempt to circumvent the statute of limitations, plaintiff baldly claims that the defendants' alleged acts constitute a continuing violation, yet she fails to explain how and why the continuing violation doctrine applies to all of her claims. Second, plaintiff's opposition does not address what alleged adverse employment actions plaintiff has suffered. Moreover, plaintiff's arguments in opposition do not demonstrate that age was the "but-for" cause of any alleged adverse action. Instead, plaintiff's opposition simply relies on vague references to unidentified "younger, similarly-situated staff members." That is, there is not a single factual allegation in the Complaint or in the opposition that plausibly demonstrates that plaintiff is at all similar to these alleged comparators in all material aspects.

Third, plaintiff's opposition relies on the same conclusory allegations set forth in the Complaint to salvage her hostile work environment claims. This argument is unconvincing because, as set forth in defendants' September 14th Memorandum of Law, the alleged incidents

fail to establish that the isolated episodes were frequent, severe, or pervasive. Lastly, because plaintiff failed to file a timely notice of claim with respect to her state law claims, any SHRL and CHRL claims must be dismissed as a matter of law against the DOE.

To the extent that plaintiff's opposition fails to address defendants' arguments regarding an adverse action or causation with respect to plaintiff's prima facie case of disparate treatment under the ADEA, those claims must be dismissed as abandoned.

Accordingly, the Complaint must be dismissed in its entirety.

## ARGUMENT

### POINT I

**THE COMPLAINT IS PARTIALLY BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.**

In her opposition, plaintiff implicitly concedes that many of her allegations are time-barred, but argues that any of defendants' actions that occurred more than 300 days prior to the filing of her EEOC charge implicates a "continuing violation" of her rights. See Pl. Opp., at 6. Plaintiff's attempt to circumvent the federal time-bar is unavailing.

Courts in this Circuit heavily disfavor the continuing violation doctrine, and have held that discrete acts, such as a job transfer, or discontinuance of a particular job assignment, are not acts of a "continuing" nature. See, e.g., Staten v. City of New York, 14 Civ. 4307 (ER), 2015 U.S. Dist. LEXIS 94634, at *24 (S.D.N.Y. July 20, 2015) (citing cases), aff'd 653 Fed. App'x 78 (2d Cir. 2016). Nor can a continuing violation be established merely because plaintiff alleges that she continues to feel the effects of a time-barred discriminatory act or merely that she continues her employment. See Libbey v. Vill. of Atl. Beach, 982 F. Supp. 2d 185, 212

(E.D.N.Y. 2013) (finding no continuing violation despite allegations that "span[ned] several years" where time-barred conduct was a discrete act occurring on a specific date).

Here, because Plaintiff's EEOC Charge was filed on October 23, 2017, her federal ADEA claims based on conduct that occurred more than 300 days earlier (i.e., before December 30, 2016), including but not limited to, the alleged denial of "per session" work opportunities, office and bathroom keys, office supplies, are all time-barred. See Riddle v. Citigroup, 449 Fed. Appx. 66, 69 (2d Cir. 2011). Moreover, each alleged discriminatory event occurred at specific times. See Complaint, ¶¶ "13,"-"26," "31,"-"34," "36,"-"41" (e.g., denial of office keys in April, and November, 2016; vague claims of mistreatment regarding computers and printers in 2015-16). The Complaint is devoid of any facts establishing what a policy or practice exists to trigger the continuing violations doctrine, and plaintiff's bold conclusion in her opposition to the contrary cannot suffice. See Pl. Opp., at 7. Thus, plaintiff's time-barred allegations must be dismissed in their entirety. See Cayemittes v. City of New York Dep't of Hous. Pres. & Dev., 10 CV 8486 (GBD)(THK), 2012 U.S. Dist. LEXIS 16438, at *7-8, n.1 (S.D.N.Y. Feb. 9, 2012) (allegations of "detrimental transfers, arguments with supervisors, perceived slights, and vague claims of unfair treatment," among other discrete acts, do not constitute a continuing violation); Staten, 653 Fed. App'x at 80.

In any event, plaintiff failed to present the theory of a continued violation to the EEOC or place the EEOC on notice in any way that she was claiming the events prior to December 30, 2016, were part of some continuing violation. See EEOC Intake Questionnaire, dated October 23, 2017 ("EEOC Charge"), Bi Decl., Ex. "B." Nor does the EEOC Charge at all mention either of the comments, "Ms. Thomas is too old for the job," or that Principal Matthias "did not want Plaintiff at his school." Compare id. with Complaint, ¶¶ "43," "52." As such,

plaintiff's attempt to reassert time-barred claims under the guise of a continuing violations doctrine must be rejected. See Fitzgerald v. Henderson, 251 F.3d 348, 360 (2d Cir. 2001) ("[A] plaintiff may not rely on a continuing violation theory of timeliness unless she has asserted that theory in the administrative proceedings."). That is, such claims that were not presented to the EEOC, which should have initially investigated those allegations. Accordingly, these claims cannot now be heard by this Court, as they have not been administratively exhausted. See generally Gonzaga v. Rudin Mgmt. Co., 2016 U.S. Dist. LEXIS 99019 (S.D.N.Y. July 20, 2016).

Finally, claims based on allegations occurring prior to April 17, 2017 must be dismissed as against the DOE, and those prior to April 17, 2015 must be dismissed against Principal Matthias. See Boonmalert v. City of New York, 721 Fed. App'x 29, 31 (2d Cir. 2018).

## POINT II

### PLAINTIFF FAILS TO STATE A PLAUSIBLE DISCRIMINATION CLAIM.

While plaintiff correctly states that in order to make out a prima facie case under the ADEA, the Complaint must plausibly plead facts showing that: "the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Franchino v. Terence Cardinal Cook Health Care Ctr. Inc., 692 Fed. App'x 39, 41 (2d Cir. 2017) (citations and quotations omitted); see also Pl. Opp., 12-13. However, plaintiff's opposition fails to overcome defendants' arguments and establish a prima facie case of age discrimination.

*i.     Adverse Employment Actions*

Plaintiff posits that that her alleged loss of "per session" opportunities[1], in addition to unidentified "other available evidence of animus based on age," constitute a materially adverse action. See Pl. Opp. at 9. Assuming, arguendo, that these claims are not time barred, and without conceding that these claims are viable, plaintiff's opposition cannot overcome the fact that plaintiff has not affirmatively pled that she actually applied, and was consequently denied, any such earnings. See Complaint, ¶ 14. Rather, plaintiff vaguely believes that she was, somehow, precluded from applying for any "per session" position. Id. Nor does plaintiff identify any allegation in the Complaint that sets forth such opportunities being granted, instead, to a guidance counselor younger than 40-years-old. Id. Plaintiff's opposition does not add any substance to the argument that she was otherwise entitled to "per session" opportunities without application, and cannot now rely a speculative, potential future opportunity to establish an adverse employment action. See Sotomayor v. City of New York, 862 F. Supp. 2d 226, 256 (E.D.N.Y. 2012) (the alleged loss of per session work was not an adverse action where the plaintiff did not apply for an open position), aff'd, 713 F.3d 163 (2d Cir. 2013); Malone v. New York Pressman's Union No. 2, No. 07-CV-9583, 2011 U.S. Dist. LEXIS 58247, at *7 (S.D.N.Y. May 31, 2011) ("The elimination of speculative, potential future opportunities is insufficient to establish an adverse employment action.").

Second, plaintiff's opposition relies exclusively on Sealy v. Hertz Corp. in an apparent attempt to collectively group together her remaining allegations as one adverse employment action. See 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009); see also Pl. Opp., at 10.

---

[1] As discussed, in Point I, above, and in defendants' September 14, 2018, Memorandum of Law, plaintiff failed to include allegations concerning denial of "per session" earnings in her EEOC charge, rendering such claim time-barred.

This attempt must fail. Sealy, as cited in plaintiff's opposition, discussed adverse employment actions only in the retaliation context. See Sealy, 688 F. Supp. 2d at 258 (discussing retaliation under Title VII). Thus, Sealy is inapplicable in the instant matter because plaintiff is not brought a cause of action for retaliation. See Complaint, passim.

ii.  *Discriminatory Intent*

In her opposition, plaintiff misstates the causation prong of the prima facie case. See Pl. Opp., at 8, 11-12. To overcome a motion to dismiss, the plaintiff must demonstrate that she pled "sufficient facts to plausibly support a minimal inference of 'but-for' causality," that is, that the adverse employment action occurred because of the plaintiff's age. Marcus v. Leviton Mfg. Co., 661 Fed App'x 29, 31-32 (2d Cir. 2016).[2] Here, the opposition does not contradict plaintiff's concession that being "excessed" based on financial reasons defeats all inference of a "but-for" causation linking that decision to plaintiff's age. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993) ("When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is."); Defendants' Memorandum of Law, dated September 14, 2018, Point III.B.2; Complaint, ¶¶ "45,"-"49."

Second, plaintiff repeatedly puts forth vague assertions that the DOE generally preferred "younger, similarly-situated staff members." See Pl. Opp., at 13. Plaintiff's opposition claims that it is "absurd" to require her to plead facts establishing the age, job titles, or job descriptions of any of her "numerous" alleged comparators. Id. In fact,plaintiff fails to do so.

---

[2] While a disparate treatment claim under Title VII of the Civil Rights Act of 1964 uses a "mixed-motive" analysis for discrimination claims, the statutory language of the ADEA requires that age be the "but-for" factor for an employer's adverse decisions. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009).

Id. That plaintiff is over 40 and experienced mistreatment at work is not, without more, enough to state a claim of age discrimination. See Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014). Similarly, baldly alleging that another staff member[3] was hired into a "per session" position to which plaintiff does not allege she even applied is insufficiently similarly situated to raise an inference of discrimination. First, plaintiff does not allege a younger guidance counselor was instead hired. Second, plaintiff's vague references to "younger" staff members could include other guidance counselors, teachers, or paraprofessionals, among others. Each of the aforementioned titles has different "per session" positions available, because each performs different responsibilities according to their respective contracts. That is, plaintiff, a guidance counselor, would not be eligible for a "per session" opportunity offered to a teacher. That plaintiff now attempts to conflate all "staff members" into one group must be rejected. See Johnson v. Andy Frain Servs., 638 Fed. App'x 68, 70 (2d Cir. 2016) (Summary Order).

Finally, plaintiff's opposition does not address defendants' arguments, in their moving papers, that: (1) being "excessed," or receiving letters to file, fail to constitute an adverse employment action, (2) being "excessed" due to financial constraints defeats all inference of "but-for" causation, and (3) plaintiff fails to state an age discrimination claim under the CHRL. See Defendants' Memorandum of Law, dated September 14, 2018, Point III.B.1-2. Thus, defendants respectfully submit that plaintiff has effectively abandoned these claims, which must be dismissed as a matter of law. See, e.g., Williams v. Mirabal, 11 Civ. 366 (JMF), 2013 U.S. Dist. LEXIS 6676, at *4 (S.D.N.Y. Jan. 16, 2013).

Accordingly, plaintiff's age discrimination claims must be dismissed.

---

[3] It need only be added that teachers and paraprofessionals covered by distinct collective bargaining agreements, and perform different duties than plaintiff, a guidance counselor.

## POINT III

### PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS.

Likewise, plaintiff's hostile work environment claim cannot be salvaged. The alleged June, 2017 stray hearsay remark, which was not made to plaintiff and which underlies plaintiff's hostile work environment claim, does not mention plaintiff's name or age. See Complaint, ¶ "43." (alleging that Principal Matthias does not "want an old guidance counselor in the school"). Such an isolated episode, even if true, does not rise to the level of "discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." Francis v. Elmford Sch. Dist., 263 F. App'x 175, 178 (2d Cir. 2008) (teacher's allegations that she was "unfairly transferred among several different teaching assignments . . . provided with an uncomfortable student chair . . . forced to go up and down stairs to store and retrieve her personal effects; and denied a budget for teaching materials" did not support a claim of hostile work environment under the ADEA).

Indeed, the Complaint simply restates plaintiff's subjective dislikes about her job and her workplace rather than pleading the existence of any alleged age-related animus underlying defendants' actions. See Dowrich-Weeks v. Cooper Square Realty, Inc., 535 F. App'x 9, 13 (2d Cir. 2013) ("Weeks' allegations consist of several isolated incidents over the course of a two-year period that do not rise to the level of frequency or severity necessary to establish a hostile work environment claim."); Trachtenberg v. Dep't of Educ. of City of New York, 12 Civ. 7964 (PAE), 2013 U.S. Dist. LEXIS 48410, at *35 (S.D.N.Y. Apr. 3, 2013) (dismissing hostile work environment claim where plaintiff alleged that for two years she was subject to excessive scrutiny, received negative performance evaluations based on scurrilous charges, was placed in a bad office, and was refused training opportunities).

Even under the more liberal CHRL, plaintiff does not offer any factual allegations that she was treated differently with respect to her pay or title, other than that she was 72-years-old at the time and concluding that she was treated less favorably than some vague, unidentified coworkers. See Askin v. Dep't of Educ. of the City of N.Y., 110 A.D.3d 621, 622 (1st Dep't 2013).

Accordingly, plaintiff's hostile work environment must be dismissed. See Sotomayor, 862 F. Supp. 2d at 261.

### POINT IV

### PLAINTIFF'S SHRL AND CHRL CLAIMS MUST BE DISMISSED FOR A FAILURE TO SATISFY THE NEW YORK NOTICE OF CLAIM REQUIREMENT.

Plaintiff concedes that she has failed to file a timely notice of claim as required by New York State Education Law. This failure to comply with Education Law § 3813 is a defect in pleading and thus, DOE is entitled to dismissal of all SHRL and CHRL claims. See Thomas v. N.Y.C. Dep't of Educ., 938 F. Supp. 2d 334, 360 (E.D.N.Y. 2013). Accordingly, plaintiff's failure to file a timely notice of claim is fatal to each of her State law claims, which must be dismissed in their entirety.

With respect to plaintiff's assertion that her SHRL and CHRL claims "must survive" against Principal Matthias, see Pl. Opp. at 7, plaintiff's failure to plead unlawful conduct by defendant Matthias precludes individual liability under the SHRL and CHRL. See Berlyavsky v. N.Y. City Dep't of Envtl. Prot., 14-CV-3217 (KAM)(RER), 2015 U.S. Dist. LEXIS 133647, *37 (E.D.N.Y. Aug. 28, 2015), adopted and modified in other parts, 2015 U.S. Dist. LEXIS 133102 (E.D.N.Y. Sept. 30, 2015) (citing Garone v. U.P.S., Inc., 436 F. Supp. 2d 448, 474 (E.D.N.Y. 2006) and Kalp v. Kalmon Dolgin Affiliates of Long Island Inc., No. 11-

CV-4000 (JG), 2013 U.S. Dist. LEXIS 43548, at *11 (E.D.N.Y. Mar. 27, 2013)). Thus, the SHRL and CHRL claims must also be dismissed against Principal Matthias.

## CONCLUSION

For the above reasons, defendants respectfully request that their Motion to Dismiss the Complaint be granted, that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

If defendants' Motion to Dismiss the Complaint is denied, in whole or in part, defendants reserve their right to answer, pursuant to Rule 12 of the Federal Rules of Civil Procedure, and respectfully request thirty (30) days from the docketing of the order denying the motion in which to answer the Complaint.

Dated:   New York, New York
         December 7, 2018

                                                  ZACHARY W. CARTER
                                                  Corporation Counsel of the
                                                   City of New York
                                                  Attorney for Defendants
                                                  100 Church Street, Room 2-122
                                                  New York, New York 10007-2601
                                                  (212) 356-2464
                                                  sbi@law.nyc.gov

                                    By:   /**s**/
                                                Shirley W. Bi
                                                Assistant Corporation Counsel

**JOSEPH ANCI,**
**SHIRLEY W. BI,**
  Of Counsel.