18 CV 2259 (WKF)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPHINE THOMAS,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION and
EZRA MATTHIAS, PRINCIPAL of I.S. 229 ROLAND
PATTERSON,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### GLASS & HOGROGIAN LLP

Attorneys for Plaintiff
85 Broad Street, WeWork - 18th Floor
New York, NY 10004

Jordan F. Harlow, Esq.
Tel: 212-537-6859
jharlow@ghnylaw.com

Served November 16, 2018

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT…………. ..................................................................................... ....6

POINT I

THE COMPLAINT IS NOT BARRED BY THE STATUTE OF LIMITATIONS........... 6

POINT II

IT IS PREMATURE TO DISMISS ANY OF MS. THOMAS'S NYSHRL OR
NYCHRL CLAIMS AS MS. THOMAS HAS FILED FOR LEAVE TO FILE
A LATE NOTICE OF CLAIM ........................................................................... 7

POINT III

THE COMPLAINT PLEADS MORE THAN ADEQUATE VALID AGE
DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS
UNDER THE ADEA, THE NYSHRL AND THE NYCHRL ........................... 8

    A. Standard of Law ............................................................................... 8

    B. Ms. Thomas Stated A Valid Discrimination Cause of Action ........................... 8

        1.   Ms. Thomas has suffered multiple materially adverse actions ............. 9

        2.   Ms. Thomas has suffered a hostile work environment ....................... 10

        3.   Ms. Thomas has alleged facts showing discrimination
            intent based on age .............................................................. 11

POINT IV

EVEN IF THE FEDERAL CLAIMS ARE DISMISSED THE COURT SHOULD NOT
DISMISS THE STATE LAW CLAIMS ........................................................... 13

CONCLUSION………………………………………………………………………………..13

# TABLE OF AUTHORITIES

## Cases:

Awad v. City of New York,
  2014 U.S. Dist. LEXIS 63234 (E.D.N.Y. May 7, 2014) .........................................................11

Burlington Industries, Inc. v. Ellerth,
  524 U.S. 742 (1998).........................................................................................................10

Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.,
  990 F.2d 1397 (2d Cir. 1993).............................................................................................6

Collins v City of NY,
  156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016)...................................................................7

Crady v. Liberty Nat'l Bank and Trust Co.,
  993 F.2d 132 (7th Cir. 1993)..............................................................................................8

Curcio v. Roosevelt Union Free School District,
  2012 U.S. Dist. LEXIS 120144 (EDNY 2012).................................................................6

Demoret v. Zegarelli,
  451 F.3d 140 (2d Cir. 2006)...............................................................................................9

Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities,
  115 F.3d 116 (2d Cir. 1997)............................................................................................11

Fisher v. Vassar College,
  114 F.3d 1332 (2d Cir. 1997)..........................................................................................12

Gallagher v. Delaney,
  139 F.3d 338 (2d Cir. 1998)............................................................................................12

Graham v. Long Island R.R.,
  230 F.3d 34 (2d Cir. 2000)................................................................................................8

Harris v. Forklift Sys., Inc.,
  510 U.S. 17 (1993).........................................................................................................10

Hausdorf v. NYCDOE,
  2018 U.S. Dist. LEXIS 13330 [S.D.N.Y. Jan. 25, 2018, No. 17-CV-2115 (PAE)(SN)]..............2

Herling v. New York City Dep't of Educ.,
2014 U.S. Dist. LEXIS 56442 [E.D.N.Y. Apr. 23, 2014, No. 13-cv-5287] ................................9

Hongyan Lu v. Chase Inv. Servs. Corp.,
412 Fed. Appx. 413 (2d Circ. 2015) ...........................................................................................8

Housing Works Inc. v. City of New York,
72 F.Supp.2d 402 (S.D.N.Y. 1999)..............................................................................................6

Hughes v Twenty-First Century Fox, Inc.,
304 F. Supp. 3d 429 (S.D.N.Y. 2018)........................................................................................13

Lightfoot v. Union Carbide Corp.,
110 F.3d 898 (2d Cir. 1997)..........................................................................................................6

Littlejohn v. City of New York,
795 F.3d 297 (2d Cir. 2015).......................................................................................................12

McDonnell Douglas Corp. v. Green,
411 U.S. 792, 802-04 (1973).........................................................................................................8

McInnis v Town of Weston,
375 F. Supp. 2d 70 (D Conn 2005]).............................................................................................12

Monterroso v. Sullivan & Cromwell LLP,
591 F. Supp. 2d 567 (S.D.N.Y. 2008).........................................................................................10

Nat'l R.R. Passenger Corp. (AMTRAK) v. Morgan,
536 U.S. 101 (2002)......................................................................................................................6

Pucino v. Verizon Wireless Communications, Inc.,
618 F.3d 112 (2d Cir. 2010)........................................................................................................10

Richardson v. New York State Dep't of Correctional Serv.,
180 F.3d 426 (2d Cir. 1999)..........................................................................................................8

Sealy v. Hertz Corp,
688 F. Supp. 2d 247 (S.D.N.Y. 2009)...........................................................................................9

Shumway v. United Parcel Serv., Inc.,
118 F.3d 60 (2d Cir. 1997)..........................................................................................................12

Stamm v. NY City Tr. Auth.,
2006 U.S. Dist. LEXIS 30076 [E.D.N.Y. Jan. 31, 2006, No. 04-CV-2163 (SLT)]) ...................7

Stratton v. Dep't for the Aging for City of N.Y.,
    132 F.3d 869 (2d Cir. 1997)..................................................................................11

Tolbert v. Smith,
    790 F.3d 427 (2d Cir. 2015)..................................................................................11

Tomka v. Seiler Corp.,
    66 F.3d 1295 (2d Cir. 1995)..................................................................................10

Wanamaker v. Columbian Rope Co.,
    108 F.3d 462 (2d Cir. 1997)....................................................................................8

White v. Roosevelt Union Free School District,
    2017 U.S. Dist. LEXIS 210480 [E.D.N.Y. Dec. 20, 2017, No. 15-CV-1035 (JS) (SIL)]. ...........2

Woodman v. WWOR-TV, Inc.,
    411 F.3d 69 (2d Cir. 2005)......................................................................................8

**Statutes:**

Age Discrimination in Employment Act of 1967 (ADEA)
    29 U.S.C. § 621 (1967) ................................................................... *passim*

New York State Human Rights Law ("NYSHRL")
    Executive Law§§ 290, et seq ......................................................... *passim*

New York City Human Rights Law ("NYCHRL")
    N.Y.C. Admin. Code§§ 8-101, et seq ......................................... *passim*

New York City Human Rights Law, New York Education Law § 3813...........................................2

New York General Municipal Law§ 50-e........................................................................2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPHINE THOMAS,

Plaintiff,

-against-                                    18 Civ. 2259 (WFK)(RML)

NEW YORK CITY DEPARTMENT OF
EDUCATION and EZRA MATTHIAS,
PRINCIPAL of I.S. 229 ROLAND
PATTERSON,

Defendants.

---

## PRELIMINARY STATEMENT

Plaintiff JOSEPHINE THOMAS ("Plaintiff" or "Thomas"), a long-term tenured school counselor employed by the New York City Department of Education ("NYCDOE"), submits this memorandum of law in response to Defendants' motion to dismiss the complaint in this action.

This action was commenced pursuant to the federal Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), for discrimination and hostile work environment due to Ms. Thomas's age.

For the reasons stated below, Defendants' motion to dismiss should be denied. Ms. Thomas has validly pled *prima facie* claims of age discrimination. She has alleged that she suffered adverse employment actions and a hostile work environment due to her age. She has alleged facts that would establish an inference of discrimination. Additionally, Ms. Thomas's claims under the NYSHRL

1

and the NYCHRL are not subject to dismissal, as recent precedent suggests that a notice of claim is not required to be filed against a school principal because they are not officials of the School District for purposes of a notice of claim. Further, Ms. Thomas has filed a special proceeding with the New York State Supreme Court pursuant to Section 3813(2-a) of the New York Education Law and Section 50-c(5) of the General Municipal Law for leave to file a late notice of claim against Defendants. Therefore, the court should stay any action with respect to the state law claims until the state court rules on this motion.

Defendants' motion has reached far beyond what is appropriate for a motion to dismiss, and motions of this type against teachers have been routinely denied at this early stage of litigation. Some recent examples include, *Hausdorf v. NYCDOE*, 2018 U.S. Dist. LEXIS 13330 [S.D.N.Y. Jan. 25, 2018, No. 17-CV-2115 (PAE)(SN)]; *White v. Roosevelt Union Free School District*, 2017 U.S. Dist. LEXIS 210480 [E.D.N.Y. Dec. 20, 2017, No. 15-CV-1035 (JS) (SIL)]. Defendants spend much of their motion brief arguing about facts that will be developed in discovery and trial. Defendants' motion to dismiss should be denied, and this matter should be promptly scheduled for pretrial discovery and an eventual trial.

If the Court is inclined to find that any further factual pleadings are necessary before proceeding to discovery, Ms. Thomas respectfully requests leave to file an amended complaint.

## STATEMENT OF FACTS

Plaintiff Josephine Thomas, who is 72 years old, has been employed with Defendant NYCDOE since 1998, and began working as a school counselor for the NYCDOE in 1999. *See* Complaint ("Compl.") ¶¶ 7-8, 11. In September 2001, Ms. Thomas began working at I.S. 299, and in 2002 Defendant Ezra Matthias became principal of I.S. 229. *See id.* at ¶¶ 9-10.

Beginning during the 2014-15 school year, Ms. Thomas began experiencing differential treatment by the administration due to her age, which has resulted in a hostile work environment for Ms. Thomas. *See id.* at ¶¶ 12-13. Specifically, during the 2014-15 school year, Defendants denied Ms. Thomas permission to work in an after-school program, for which she would have received additional compensation, colloquially referred to as "per session" income, and for which she was fully qualified. *See id.* at ¶ 13. Defendants denied Ms. Thomas this opportunity despite younger staff members at I.S. 299 being granted the right to engage in per session work during the 2014-15 school year. *See id.* at ¶ 14.

During the 2015-16 school year, Defendants once again denied Ms. Thomas the opportunity to earn "per session" income, yet granted these opportunities to younger staff members. *See id.* at ¶ 14. Additionally, in or around April 2016, after Ms. Thomas lost her keys to her office and the bathroom—and despite repeated requests to her administration—Defendants refused to provide Ms. Thomas with a replacement bathroom or office key during the 2015-16 school year, causing Ms. Thomas significant hardship. *See id.* at ¶¶ 15-17. Additionally, as a result of not having a key to her office, Ms. Thomas could not lock her office during the 2015-16 school year. *See id.* at ¶ 18. Ms. Thomas and other senior staff members also did not receive a functional computer from Defendants during the 2015-16 school year, despite younger, similarly-situated staff members being granted functional computers. *See id.* at ¶¶ 32-34, 37. When Ms. Thomas inquired about obtaining a printer during the 2015-16 school year, Defendant Matthias told her that he "cannot put printers everywhere." Despite this comment, younger, similarly-situated staff members were given printers. *See id.* at ¶¶ 37-40. As with the inequitable distribution of functional printers and computers, younger staff members were given smart boards in their classrooms, whereas older, similarly situated staff members were not given smart boards. *See id.* at ¶ 41.

In the 2016-17 school year, Ms. Thomas continued to request keys to her office and the bathroom and continued to be denied these keys, despite new, younger teachers receiving bathroom keys. *See id.* at ¶¶ 19, 21, 24-26, 28-30. Ms. Thomas experienced further disparate treatment during the 2016-17 school year as compared to younger, similarly-situated staff members. For example, Ms. Thomas's office was not painted, despite the fact that the offices and classrooms of younger, similarly-situated staff members were painted. *See id.* at ¶ 31. Additionally, Defendants again denied Ms. Thomas the opportunity to earn "per session" income, yet granted these opportunities to younger staff members. *See id.* at ¶ 14. Defendants issued computers to younger staff members at I.S. 299 during the 2015-16 and 2016-17 school years, but did issue Ms. Thomas a computer, despite Ms. Thomas's requests for a computer. *See id.* at ¶¶ 32-33, 35, 37.

In or around February 2017, Defendants issued Ms. Thomas a letter to file alleging that Ms. Thomas failed to submit promotional letters to students on time. However, as Ms. Thomas informed her administration, the reason her letters were not submitted on time was because she herself did not receive them in a timely manner, through no fault of her own. Nevertheless, Defendants refused to remove the letter to file. *See id.* at ¶ 42. In or around June 2017, after Ms. Thomas had returned from her leave of absence, Ms. Thomas spoke to her union representative, Veronica Uwanaka, who informed Ms. Thomas that Defendant Matthias had expressly stated, that "Ms. Thomas is too old for the job" and that he doesn't "want an old guidance counselor in the school." *See id.* at ¶ 43 (emphasis added). In or around June 2017, Defendants required Ms. Thomas to engage in yard duty and lunch duty, which was in violation of her rights pursuant to the Collective Bargaining

4

Agreement ("CBA"), as school counselors are not supposed to be required to engage in such duties. *See id.* at ¶ 44.

Finally, on or about June 16, 2017, Defendant Matthias issued Ms. Thomas a letter informing her that she was excessed from I.S. 229. *See id.* at ¶ 45. This action by Defendant Matthias was improper and violated the CBA and NYCDOE policy. *See id.* at ¶¶ 46-48. In response, Ms. Thomas immediately filed a grievance with her union because a less senior social worker remained at I.S. 229, thereby violating Ms. Thomas's seniority rights. *See id.* at ¶ 49. After Defendant Matthias denied Ms. Thomas's grievance, Ms. Thomas's grievance proceeded to a Step 2 hearing, which occurred on September 25, 2017. *See id.* at ¶¶ 50-51. During this hearing, Ms. Thomas learned from her union representative, Ellin Gallin Procida, that Defendant Matthias had stated that he did not want Ms. Thomas at his school. *See id.* at ¶ 52 (emphasis added). Ms. Thomas has, to date, never received a decision on her Step 2 grievance hearing. *See id.* at ¶ 53.

As a result of the discriminatory treatment that she experienced at the hands of Defendants, Ms. Thomas filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on age discrimination on or about December 13, 2017. She requested and received a right to sue letter from the EEOC dated January 17, 2018, a copy which is annexed to the Complaint. *See id.* ¶¶ 54-55. Additionally, on April 18, 2018, Ms. Thomas filed a special proceeding (Index No. 507887/2018 [Sup. Ct. Kings Co.] [Levine, J.]) with the New York State Supreme Court pursuant to Section 3813(2-a) of the New York Education Law and Section 50-c(5) of the General Municipal Law for leave to file a late notice of claim against Defendants.

5

## ARGUMENT

### POINT I

### THE COMPLAINT IS NOT BARRED
### BY THE STATUTE OF LIMITATIONS

In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") is 300 days. *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).* Although Ms. Thomas must file an administrative charge of discrimination with the EEOC or a state agency within 300 days of the discriminatory act, this does not mean that acts occurring prior to 300 days of the filing are barred by the statute of limitations. This is because such acts are part of a "continuing violation" under the law. *See, e.g., Nat'l R.R. Passenger Corp. (AMTRAK) v. Morgan*, 536 U.S. 101, 114-18 (2002) (discussing contours of continuing-violation doctrine); *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997) (continuing violation exception "extends the limitations period for all claims of discriminatory acts committed under [an ongoing policy of discrimination] even if those acts, standing alone, would have been barred by the statute of limitations"); *Curcio v. Roosevelt Union Free School District*, 2012 U.S. Dist. LEXIS 120144 (E.D.N.Y. 2012) ("pattern of antagonism" over intervening period may be sufficient to demonstrate the requisite causal connection); *Housing Works Inc. v. City of New York*, 72 F.Supp.2d 402 (S.D.N.Y. 1999) (same). Ms. Thomas alleges throughout her complaint that she suffered a continuing pattern of harassment and hostile work environment at the hands of Defendnats. She was denied per session opportunities and compensation, denied keys to her office and the bathroom, and given fewer supplies than younger, similarly-situated individuals, among other things. Whether those acts that occurred prior

6

to 300 days to Ms. Thomas's EEOC filing (or prior to one-year under the NYSHRL and NYCHRL) constitute a "continuing violation."

More fundamentally the Principal expressly stated on September 25, 2017 that he did not want Plaintiff in his school and in June of 2017 stated, "Ms. Thomas is too old for the job" and he doesn't "want an old guidance counselor in the school." The disparate treatment Ms. Thomas suffered was ongoing and part of a pattern. Therefore, the motion to dismiss should be denied.

## POINT II

### IT IS PREMATURE TO DISMISS ANY OF MS. THOMAS'S NYSHRL OR NYCHRL CLAIMS AS MS. THOMAS HAS FILED FOR LEAVE TO FILE A LATE NOTICE OF CLAIM

Ms. Thomas filed a special proceeding with the New York State Supreme Court for leave to file a late notice of claim against Defendants. Because Ms. Thomas seeks to obtain leave to file a late notice of claim, dismissal of her tort and state law claims is premature. *See, e.g.*, *Stamm v. NY City Tr. Auth.*, 2006 U.S. Dist. LEXIS 30076 *49 [E.D.N.Y. Jan. 31, 2006, No. 04-CV-2163 (SLT)]. Thus, until the Supreme Court issues a ruling in regards to Ms. Thomas's request to file a late notice of claim against Defendants, it is premature to dismiss Ms. Thomas's NYSHRL and NYCHRL claims against Defendants.

In addition, a notice of claim is not required to be filed against a school principal or assistant principal as they are not officials of the District for purposes of a notice of claim.   *See Collins v City of NY*, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016). Thus, at the very least, Ms. Thomas's NYSHRL and NYCHRL claims must survive against Defendant Matthias.

## POINT III

7

## THE COMPLAINT PLEADS MORE THAN ADEQUATE VALID AGE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS UNDER THE ADEA, THE NYSHLR AND THE NYCHRL

**A.      Standard of Law**

In order to establish a *prima facie* case of discrimination under the ADEA for discrimination based on her age, Ms. Thomas must show that she (1) falls within the protected group; (2) she was performing her duties satisfactorily; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413 (2d Circ. 2015).  Though  Ms. Thomas bears the burden of producing evidence sufficient to support a *prima facie* case of discrimination, such evidence need be no more than "minimal" or "de minimis." *See, e.g., Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005).   Ms. Thomas's establishment of a *prima facie* case gives rise to a presumption of unlawful discrimination that shifts the burden of production to the Defendants, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. *See id.* at 76.

**B.      Ms. Thomas Has Stated A Valid Discrimination Cause of Action**

Defendants do not contest that Ms. Thomas was within a protected group based on age, but challenge Ms. Thomas's claim that she suffered an adverse employment action that occurred under circumstances giving rise to an inference of discrimination.  Ms. Thomas plainly has met her burden for both these elements to survive a motion to dismiss as this early stage of this litigation.

*1.   Ms. Thomas has suffered multiple materially adverse actions*

8

An adverse employment action occurs if a plaintiff endures a "materially adverse change" in the terms and conditions of employment. *See Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). A "materially adverse" change might be indicated by a "material loss of benefits" or other indices unique to a particular situation. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Ms. Thomas has suffered a material loss of benefits. Specifically, she has suffered lost wages as a result of being denied per session overtime opportunities.

Courts have held that the temporary loss of Ms. Thomas's "per session" employment, together with other available evidence of animus based on age, can constitute materially adverse actions for purposes of discrimination claims against the NYCDOE. *See Herling v. New York City Dep't of Educ.*, 2014 U.S. Dist. LEXIS 56442 (E.D.N.Y. Apr. 23, 2014, No. 13-cv-5287) ("Denying an employee the opportunity to work overtime, comp time, or additional per-session employment may . . . constitute an adverse employment action."); *Demoret v. Zegarelli,* 451 F.3d 140, 151 (2d Cir. 2006) (preventing Ms. Thomas from earning overtime and comp time and requiring only Ms. Thomas to request overtime in writing may constitute adverse employment action).

Though Defendants claim that the Complaint is silent regarding if Ms. Thomas ever applied for "per session" work opportunities, that is simply incorrect. As alleged in her Complaint, since the 2014-15 school year and continuing in subsequent school years, Defendants granted younger staff members at I.S. 299 the right to engage in "per session" work opportunities. Often, these opportunities would not even be publicly posted, thereby preventing Ms. Thomas from even being granted the opportunity to apply for these opportunities. *See* Compl. at ¶ 14.

Courts have held that no type of alleged adverse employment action should be outright dismissed without exploration as to whether it qualifies as a true adverse employment action. *See Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) ("[I]n the retaliation context, 'no type of challenged conduct [may] be categorically rejected as nonactionable' under the [NYCHRL].'") (internal citations omitted). Therefore, any motion to dismiss before discovery is premature.

   *2.  Ms. Thomas has suffered a hostile work environment*

   An employee seeking to bring a hostile work environment claim under the ADEA must demonstrate the following to make a prima facie case: (1) she is a member of a protected class; (2) she suffered unwelcome harassment; (3) she was harassed because of her membership in a protected class; and (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *See Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 584 (S.D.N.Y. 2008); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Evaluating a hostile environment involves reviewing the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The question is whether "a reasonable person would have found it to be [hostile] and if Ms. Thomas subjectively so perceived it." *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d. Cir. 2010).

   As outlined in her complaint, Ms. Thomas suffered a constant and pervasive hostile work environment. During multiple school years,  Defendants denied Ms. Thomas the opportunity to

earn "per session" income; Defendants denied Ms. Thomas keys to her office and the bathroom; Defendants refused to paint Ms. Thomas' office, despite the offices and classrooms of younger staff members being painted; Defendants did not grant Ms. Thomas a functional computer, printer, or SMART board, despite younger staff members being granted these; Defendants issued Ms. Thomas unwarranted letters to file; Defendants improperly excessed Ms. Thomas from the school; and Defendants stated that Ms. Thomas was "too old" for her job and that her administration did not "want an old guidance counselor in the school." These acts were not discrete in nature, but part of a continuing pattern of conduct by Defendants to treat Ms. Thomas in an inequitable fashion, thereby causing her to feel demeaned, ostracized, and harassed.

Additionally, to state a hostile work environment claim under the NYCHRL, Ms. Thomas need only allege differential treatment of any degree based on a discriminatory motive. *Awad v. City of New York*, 2014 U.S. Dist. LEXIS 63234, at *7 (E.D.N.Y. May 7, 2014). ("Even a single comment may be actionable under [the] NYCHRL 'in appropriate circumstances.'") *Id.* A claim under the NYCHRL "should only be dismissed if Ms. Thomas does not allege behavior by Defendants that 'cannot be said to fall within the broad range of conduct that falls between severe and pervasive on the one hand and a petty slight or trivial inconvenience on the other.'" *Id.* (internal citations omitted). As previously noted, Ms. Thomas has consistently noted that she was treated differently from younger teachers because of her age.

### 3. Ms. Thomas has alleged facts showing discriminatory intent based on age

To defeat a motion to dismiss on the pleadings in an ADEA discrimination case, Ms. Thomas must allege that her age was a motivating factor in the employment decision. In determining this, the Second Circuit assesses whether Ms. Thomas has met her burden of proving that the adverse employment decision was motivated at least in part by an 'impermissible

reason,' *i.e.*, a discriminatory reason." *Stratton v. Dep't for the Aging for City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997) (quoting *Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 119 [2d Cir. 1997]). Ms. Thomas can meet that burden through direct evidence of intent to discriminate, *see, e.g., Stratton*, 132 F.3d at 878 & n.4, or by indirectly showing circumstances giving rise to an inference of discrimination. *See, e.g., Tolbert v. Smith*, 790 F.3d 427, 436-37 (2d Cir. 2015).

Ms. Thomas has stated a direct case of Age Discrimination by pleading statements the Principal made about her age. That is enough to survive a motion to dismiss. *See McInnis v. Town of Weston*, 375 F. Supp. 2d 70, 83 (D. Conn. 2005), (statement that employers prefer younger employees states a cause of action under the ADEA.)

Furthermore, Ms. Thomas may prove discrimination indirectly either by meeting the requirements of *McDonnell Douglas* and showing that the employer's stated reason for its employment action was pretextual to cover up discrimination, *see, e.g., Fisher v. Vassar Coll.*, 114 F.3d 1332, 1334 (2d Cir. 1997), or by otherwise creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination. *See Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998). At the pleadings stage, then, Ms. Thomas must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. *See Littlejohn v. City of New York*, 795 F3d 297 (2d Cir. 2015) (requiring facts "suggesting an inference of discriminatory motivation"). Ms. Thomas may also support an inference of discrimination by demonstrating that similarly situated employees of a different group were treated more favorably. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d

60, 63 (2d Cir. 1997). In order to make such a showing, Ms. Thomas must compare herself to employees who are "similarly situated in all material respects." *Id.* at 64.

Defendants additionally claim that because Ms. Thomas has failed to identify certain details about alleged comparator, that this renders the Complaint devoid of any factual allegations demonstrating how younger, similarly-situated staff members were treated favorably to Ms. Thomas. Such an assertion is absurd; Ms. Thomas has plainly identified numerous instances in which younger, similarly-situated staff members were treated favorably. To the extent that she has failed to identify certain characteristics of her comparators, that is because they were so numerous in nature that the only characteristics truly linking them was their age, and that they were younger than Ms. Thomas.

## POINT IV

### EVEN IF THE FEDERAL CLAIMS ARE DISMISSED THE COURT SHOULD NOT DISMISS THE STATE LAW CLAIMS

The New York City Human Rights Law is more liberal than its federal counterpart because a plaintiff must merely "plead facts sufficient to support an inference that she has been treated less favorably at least in part because of a protected trait." *Hughes v. Twenty-First Century Fox,* 304 F. Supp. 3d 429 (S.D.N.Y. 2018). Plaintiff has more than satisfied this burden.

## CONCLUSION

For the foregoing reasons, Ms. Thomas respectfully requests that the Court deny Defendants' motion to dismiss the complaint in its entirety, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
            November 16, 2018

**GLASS & HOGROGIAN LLP**
Attorneys for Ms. Thomas
85 Broad Street, WeWork -18th Floor
New York, NY 10004
(212) 537-6859

By: _____ s/ _____
        Jordan F. Harlow, Esq.

14