SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
JOSEPHINE THOMAS,　　　　　　　　　　　　Index No.: 507887/2018

　　　　　　　　　　*Petitioner*,
　　　　　　-against-　　　　　　　　　　　　DECISION/ORDER
　　　　　　　　　　　　　　　　　　　　　　HON. KATHERINE A. LEVINE

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; and
CARMEN FARINA, CHANCELLOR of
NEW YORK CITY DEPARTMENT OF
EDUCATION,
　　　　　　　　　　*Respondent(s)*.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Verified Petition with Accompanying Affidavits and Exhibits................................ | 1 |
| Notice of Cross-Motion to Dismiss the Petition with Accompanying Exhibits ........................................................................................................................ | 2 |
| Petitioner's Response Affirmation in Opposition to Respondents' Motion to Dismiss & in Further Support of Petition to File Late Notice of Claim................ | 3 |
| Respondents' Reply Affirmation in Support of Their Cross-Motion Dismiss the Petition........................................................................................................ | 4 |
| Memoranda from Petitioner and Respondents........................................................... | 5 |

　　This case addresses the issues of whether a school guidance counselor who alleges that she was subject to age discrimination and a hostile work environment should be granted leave to file a late notice of claim. The petitioner filed a complaint with the Equal Employment Opportunity Commission ("EEOC") four months after the final alleged discriminatory act, and less than two months later, the EEOC sent a Notice of Charge of Discrimination ("Discrimination Notice") to the DOE. This case also addresses whether her state court action is time barred for claims based on discriminatory acts that occurred more than one year before she moved for leave to file a late notice of claim.

　　Petitioner Josephine Thomas ("petitioner" or "Thomas") was hired by the NYC Department of Education ("DOE" or "respondent") as a substitute teacher in 1998. In 1999 she became a school counselor and in 2001 started working at I.S. 229. Petitioner claims that she was subject to age discrimination, differential treatment and a hostile work environment in her last four years at the school, and that she was unfairly and discriminatorily "excessed" on June 16, 2017 at the age of 71, in violation of the NYS Human Rights Law ( "SHRL"), Executive Law § 290, et seq.; and the NYC Human Rights Law ("CHRL"), NYC Administrative Code §§ 8-101, et seq.

　　Petitioner claims that during the 2015-16 and 2016-17 school years, she was subject to age discrimination and a hostile work environment by a series of acts. She was denied permission to work in an after-school program, for which she would have received additional

compensation (these posts were given to younger staff). Unlike younger teachers, she was not given a bathroom and office key, and necessary equipment for her profession, such as a working computer and printer. Petitioner also claims that in June 2017, she was improperly assigned administrative duties as well as yard and lunch duties, which were inappropriate for her position as a guidance counselor.

On October 23, 2017, plaintiff filed an EEOC Intake Questionnaire, which detailed the alleged instances of discriminatory conduct, and on December 13, 2017, the EEOC sent a Notice of Charge of Discrimination ("Discrimination Notice") to the DOE. Plaintiff received a Notice of Right to Sue letter from the EEOC on or around January 17, 2018, and commenced an action in the Federal Eastern District Court on April 17, 2018.[1] On April 18, 2018, Thomas filed a petition in this court for leave to file a late notice of claim so that she could sue in state court.[2] Petitioner claims that she was unaware of the requirement of Education Law § 3813(1) and General Municipal Law § 50-e(1)(a) that she serve the notice of claim within 90 days after the claim arose. Education Law § 3813(2-a) provides that the court may grant an extension for filing a notice of claim, provided that such extension does not result in a filing more that one year after the cause of action against the DOE and the Chancellor arose. Education Law § 3813 (2-b) provides for a one-year statute of limitations for all non-tort claims, including actions to redress discriminatory practices. *Mtr. of Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 371 (2d Dept. 2007).

Respondent cross-moved to dismiss the petition pursuant to CPLR § 3211(a)(5) and (7) on the grounds that 1) petitioner's claims are time barred and have no merit; and 2) petitioner does not meet the criteria for granting her leave to file a late notice of claim. In particular, respondent argues that pursuant to Education Law § 3813(2-b), petitioner may not file a late notice of claim because her claims based on age discrimination and hostile work environment which allegedly occurred prior to April 18, 2017 are barred by the one year statute of limitations. Respondent further argues that it did not acquire timely notice of her claim and did not receive a copy of petitioner's handwritten EEOC Intake Questionnaire until the filing of the instant petition on April 18, 2018, and that it would be substantially prejudiced by a late notice of claim.

The court has discretion to determine whether to permit the filing of a late notice of claim. *Mtr. of Newcomb v. Middle Country Cent. Sch. Dist.*, 28 N.Y.3d 455, 465 (2016); *CSEA Empl. Benefit Fund v. Warwick Val. Cent. School Dist.*, 36 A.D.3d 582, 584 (2d Dept. 2007). Pursuant to Education Law § 3813(2-a), the court must consider whether the DOE acquired "actual knowledge" of the essential facts constituting the claim within 90 days after it arose or "within a *reasonable time* thereafter," which allows leeway in the 90-day rule. *Hayes v. Peru Cent. Sch. Dist.*, 281 A.D.2d 794, 795 (3d Dept. 2001); *Greene v. Avoca Cent. Sch. Dist.*, 2007

---

[1] Neither party has informed the court as to the status of the federal proceedings.

[2] There is no statutory bar to simultaneously bringing actions in state and federal court. *See, Sciss v. Metal Polishers Union Local 8A*, 149 A.D.2d 318, 322 (1st Dept. 1989)

NY Slip Op 52117(U),, 17 Misc. 3d 1122(A), 1122A (Sup. Ct. Steuben Co. 2007). In order to have "actual knowledge," the DOE must have knowledge of the facts that underlie the legal theory upon which liability is predicated in the proposed notice of claim. *Mtr. of GEICO v. Suffolk County Police Dept.*, 152 A.D.3d 517 (2d Dept. 2017); *Mtr. of Fethallah v. New York City Police Dept.*, 150 A.D.3d 998, 1000 (2d Dept. 2017). The court must also consider "other relevant facts and circumstances," including whether the petitioner has demonstrated a reasonable excuse for the failure to serve a timely notice of claim and whether the delay would substantially prejudice the City in its defense. *Mtr. of Maldonado v. City of New York*, 152 A.D.3d 522 (2d Dept. 2017).

Petitioner's ignorance of the statutory requirement to serve the notice of claim within 90 days after the claim arose is not a reasonable excuse. *Mtr. of Murnane v. New York City Sch. Constr. Auth.*, 164 A.D.3d 506, 507 (2d Dept. 2018); *Mtr. of Minkowicz v. City of New York*, 100 A.D.3d 1000 (2d Dept. 2012). She therefore fails to meet the reasonable excuse prong.

However, the courts accord "greatest importance" and "weight" to whether the municipality acquired timely actual knowledge within 90 days or a *reasonable time* thereafter. *Mtr. of Ashkenazie v. City of New York*, 165 A.D.3d 785 (2d Dept. 2018); *Mtr. of D.M. v. Center Moriches Union Free Sch. Dist.*, 151 A.D.3d 970, 971 (2d Dept. 2017); *Mtr. of Jaffier v. City of New York*, 148 A.D.3d 1021, 1022 (2d Dept. 2017). In fact, when a petitioner has demonstrated that the municipality acquired timely knowledge of the essential facts of the claim, this also establishes lack of prejudice to the municipality regardless of the lack of a reasonable excuse for the lateness. *Jaffier, supra*, 148 A.D.3d at 1023; *Jordan v. City of New York*, 41 A.D.3d 658, 660 (2d Dept. 2007).

This court finds that the Notice of Charge of Discrimination ("Discrimination Notice"), dated December 13, 2017, and the accompanying Intake Questionnaire, which petitioner filed with the EEOC less than six months after she was excessed, gave sufficient detail and actual notice of her age discrimination claim to respondent within a *reasonable time* after 90 days. *See, Mendell v. Salamanca Hous. Auth.*, 12 A.D.3d 1023, 1024 (4th Dept. 2004) ("charge letter" which plaintiff submitted to the State Division of Human Rights within the statutory time period sufficiently informed defendant of the claim and substantially complied with the notice of claim requirement); *Mtr. of Hinton v. New Paltz Cent. School Dist.*, 50 A.D.3d 1414, 1415 (3d Dept. 2008) (four months is "reasonable time" within which to receive actual notice); *Greene v. Avoca Cent. Sch. Dist.*, 2007 NY Slip Op 52117(U),, 17 Misc. 3d 1122(A), 1122A (Sup. Ct. Steuben Co. 2007) (notice six months after the incident was within a "reasonable time thereafter").

This court further finds that respondent has not demonstrated that it will suffer any prejudice as a result of the late notice of claim because mere passage of time does not result in substantial prejudice in the absence of some showing of actual injury. *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 N.Y.3d 455, 466 (2016).

Petitioner's claims against the DOE and former Chancellor, based on hostile work environment and discriminatory acts which occurred prior to April 18, 2017 are not time-barred.

On a motion to dismiss pursuant to CPLR 3211 (a) (5) on the ground that the claim is time-barred, the court must take the allegations in the complaint as true and resolve all inferences in favor of the petitioner. *Cimino v. Dembeck*, 61 A.D.3d 802, 803 (2d Dept. 2009). Construing the facts as alleged in the complaint in the light most favorable to petitioner, the court finds that respondent failed to establish its prima facie entitlement to dismissal.

A "hostile work environment claim, by its very nature, is predicated on a series of separate acts that collectively constitute unlawful discriminatory practice." *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 117 (2002); *Mtr. Of Lozada v. Elmont Hook & Ladder Co. No. 1*, 151 A.D.3d 860, 861-862 (2d Dept. 2017). Thus, under the "continuing violation doctrine," a claim will be considered timely as long as one of the alleged acts occurred within the limitations period and the other acts complained of are part of the same unlawful practice, even if they occurred outside the limitation period. *Lozada, supra*, 151 A.D.3d at 862. *See also, Cahill v State of N.Y. Stony Brook Univ. Hosp.*, 139 A.D.3d 779, 780 (2d Dept. 2016); *Alameda v New York City Health & Hosps. Corp.*, 2018 NY Slip Op 32936(U), 2018 N.Y. Misc. LEXIS 5510, *7-8 (Sup. Ct. N.Y. Co. 2018).

This court finds that the acts which allegedly occurred during the 2015-16 and 2016-17 school years are sufficiently similar to the final act of discrimination of being excessed. Thus, being denied permission to work in an after-school program, a bathroom and office key and the necessary equipment for her profession, and being assigned administrative duties which were inappropriate for her position, justify the conclusion that the acts were part of a single discriminatory practice. *See, Henderson v. Town of Van Buren*, 281 A.D.2d 872, 874 (4th Dept. 2001) (plaintiff's claim was timely under the continuing violation doctrine when pre-limitation harassing conduct was "sufficiently similar" to conduct within the limitations period); *Sier v Jacobs Persinger & Parker*, 276 A.D. 2d 401, 401-402 (1st Dept. 2000) (same); *Louissaint-Tasco v Brookdale Univ. Hosp. & Med. Ctr.*, 2017 NY Slip Op 30768(U), 2017 N.Y. Misc. LEXIS 1401, *25-26 (Sup. Ct. Kings Co. 2017). Accordingly, petitioner's claim is timely under the continuing violation doctrine, and respondent's motion to dismiss the petition based on statute of limitations is denied.

Respondent's motion to dismiss the petition pursuant to CPLR § 3211(a)(7) based on the lack of merit is also denied. The merit of a petitioner's claims is not a factor to be considered in determining an application for leave to serve a late notice of claim unless the underlying claims are patently without merit. *Mtr. of Day v Greenburgh Eleven U.F.S.D.*, 88 A.D.3d 877, 877 (2d Dept. 2011), *Fritsch v. Westchester Cty. DOT*, 170 A.D.2d 602, 604 (2d Dept. 1991); *Mtr. of Harris v Dutchess County Bd. of Coop. Educ. Servs.*, 50 Misc. 3d 750, 773 (Sup. Ct. Dutchess Co. 2015). Respondent has failed to demonstrate at this juncture that the underlying claims are Patently without merit.

Accordingly, the petition to file a late notice of claim is granted. This constitutes the decision and order of the court.
DATED: November 1, 2019

HON. KATHERINE A. LEVINE
JUSTICE SUPREME COURT

2019 NOV -8 AM 10:31
KINGS COUNTY CLERK FILED

## APPEARANCES

**Attorney for Plaintiff**
Jordan H. Harlow, Esq.
Glass & Hogrogian LLP
85 Broad Street, 18th Fl.
New York, NY 10004

**Attorney for Respondents**
Shirley W. Bi, Esq.
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007